**Stephen J. RAPP and William H. Gilliam, d/b/a Rapp & Gilliam, A Professional Corporation, Plaintiffs,**

v.

**The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, and its Chairman, John Gamble, in his official capacity, and the Iowa Supreme Court and the individual members thereof, W. W. Reynoldson, Clay LeGrand, Harvey Uhlenhopp, David Harris, Mark McCormick, Robert G. Allbee, Arthur A. McGivern, Jerry L. Larson and Louis W. Schultz, in their official capacities, Defendants.**

Civ. No. 80–366–D.

United States District Court, S. D. Iowa, C. D.

Dec. 31, 1980.

Allen, Babich & Bennett, Gordon E. Allen, Leslie Babich, Mark W. Bennett, Des Moines, Iowa, for plaintiffs.

Paul F. Ahlers and H. Richard Smith, Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, Iowa, for the Iowa Supreme Court and individual members thereof.

Lee H. Gaudineer, Jr., and Carlton G. Salmons, Austin & Gaudineer, Des Moines, Iowa, for the Committee and its chairman.

## MEMORANDUM OPINION AND RULINGS ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

VIETOR, District Judge.

Plaintiffs are lawyers licensed by and practicing law in the state of Iowa. On June 24, 1980, they filed this action under 42 U.S.C. § 1983, with jurisdiction predicated under 28 U.S.C. § 1343, challenging the constitutionality of provisions of the Iowa Code of Professional Ethics regulating lawyer advertising. Plaintiffs seek declaratory and injunctive relief against the defendants, The Committee on Professional Ethics and Conduct of the Iowa State Bar Association and its chairman, John Gamble, in his official capacity, the Iowa Supreme Court, and the individual members of the Iowa Supreme Court in their official capacities.[1]

This matter comes before the court at this time on the defendants' Rule 56 motions for summary judgment. All defendants assert that this court lacks subject matter jurisdiction and, alternatively, that the issues sought to be adjudicated are barred by the doctrine of res judicata or claim preclusion. Additionally, the defendants Iowa Supreme Court and its individual justices assert that 28 U.S.C. § 2283 and the doctrines of judicial immunity, abstention and comity preclude this court's consideration of the issues raised in this suit against them. Plaintiffs have filed their resistance and the motions, having come before this court for oral argument on October 17, 1980, are now fully submitted.

## RULE 56

Fed.R.Civ.P. 56(b) provides: "A party against whom a claim * * * is asserted * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

Fed.R.Civ.P. 56(c) provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

## UNDISPUTED MATERIAL FACTS

The material facts relevant to the jurisdictional issues raised by the motions for summary judgment are undisputed.

---

1. Since this action was commenced, named defendant Warren J. Rees has retired as a justice of the Iowa Supreme Court, and has been re-placed by Justice Louis W. Schultz, who is automatically substituted as a party defendant under the provisions of Fed.R.Civ.P. 25(d)(1).

The Iowa Supreme Court has promulgated the Iowa Code of Professional Responsibility for Lawyers, which includes disciplinary rules regulating lawyer advertising, DR 2–101 through DR 2–105, inclusive. Section (D) of DR 2–101 provides in part:

The committee on professional ethics and conduct of the Iowa State Bar Association, acting as commissioners of the supreme court as provided by court rule 118, on its own motion or upon the request of a lawyer admitted to practice in this state, shall, from time to time, consider and recommend to the court proposed amendments to the code [relative to lawyer advertising].

Court rule 118.2, referred to in the quoted portion of DR 2–101(D), provides:

The members of the Committee on Professional Ethics and Conduct of the Iowa State Bar Association and their successors, as confirmed by order of this court are appointed commissioners of this court to initiate or receive, and process complaints against any attorney licensed to practice law in this state for alleged violations of the Iowa Code of Professional Responsibility for Lawyers and laws of the United States or the state of Iowa. Upon completion of any such investigation the committee on professional ethics and conduct shall either dismiss the complaint made, or admonish or reprimand the complained against attorney, or file and prosecute the complaint before the grievance commission or any division thereof.

Rules 5.1 through 5.6 of the Rules of Procedure of The Committee on Professional Ethics and Conduct of the Iowa State Bar Association provide:

5.1 Any member of the bar desiring to expand the information authorized for disclosure pursuant to the provisions of DR 2–101 or DR 2–105, Iowa Code of Professional Responsibility for Lawyers, or to provide for its dissemination through forums other than therein authorized or otherwise to change those rules, may apply to the committee. Such application shall be made in writing by restricted, certified mail, and shall include such documentation as the applicant deems appropriate. The committee thereafter shall determine, on the basis of documentation at hand, further investigation, or whatever hearings it deems to be necessary, whether all or any part of the proposal is necessary in the light of existing provisions of the code, accords with the standards of accuracy, reliability, and truthfulness, and would facilitate the process of informed selection of lawyers by potential consumers of legal services.

5.2 If the committee is of the opinion that no relief should be granted in response to any such application and no changes are necessary, it shall make a determination to that effect and then shall proceed as provided hereinafter.

5.3 If the committee concludes that relief should be granted in response to such application, it shall make its determination to that effect and submit the same to the supreme court by filing the same with the clerk of the court as a recommended amendment to the Iowa Code of Professional Responsibility for Lawyers, universally applicable to all lawyers admitted to practice in Iowa.

5.4 Within ten days after the committee has made its determination under paragraphs 5.1 and 5.2 herein above, it shall notify applicant of its determination by furnishing said applicant a copy thereof by restricted, certified mail. Applicant shall have thirty days from the date of the said mailing by the committee to the applicant to take exception to all or any part of the determination of the committee. Said exceptions shall be taken by filing with the committee within said thirty-day period, complete written notice and documentation of the exceptions and the reasons therefor, which shall be forwarded to the committee by restricted, certified mail.

5.5 Within thirty days from the receipt of the exceptions, the committee shall file with the clerk of the court a copy of said exceptions and documentations attached thereto, together with any written response which the committee

seeks to make to the court together with a certification of its mailing to the applicant a copy of its response to the exceptions, in order that the court may determine the whole matter, with or without hearing, as to the court may appear appropriate and desirable.

5.6 Nothing herein contained shall permit any publication other than provided in DR 2–101 or DR 2–105 unless and until said DR 2–101 or DR 2–105 shall be amended by the court. No applicant for expanded information for disclosure or other publication under the said rules shall make such disclosure or publication until the same specifically has been approved by rule of the court.

On September 14, 1979, pursuant to the quoted portion of DR 2–101(D) and Committee Rule 5.1, plaintiffs filed an application with the Committee on Professional Ethics and Conduct to change the disciplinary rules regulating lawyer advertising.

In their application, plaintiffs submitted proposed amendments and filed a 13 page brief and argument in which they articulated their objections to the existing rules and reasons for their proposed amendments. The plaintiffs also requested an oral hearing on the application, which was held on December 13, 1979, and was open to public attendance. Plaintiffs presented their views on the proposed amendments, as did Emmet Tinley, Roy Follet, vice president and director of advertising at the Des Moines Register & Tribune, and Leonard Howe, former president of an advertising agency. Northwestern Bell Telephone Company filed written comments. On January 18, 1980, the Committee filed its report and recommendation with the Iowa Supreme Court, accepting plaintiffs' application in part, rejecting it in part, and proposing several amendments to the Code of Professional Responsibility's provisions governing lawyer advertising.

On February 12, 1980, the Iowa Supreme Court scheduled a hearing on this matter to consider the report and adoption of amendments. The order stated that "any interested organization, agency or person may submit appropriate documents and briefs in favor or opposed to all or any of the proposed amendments." One could also request to be heard orally on the amendments.

Plaintiffs filed their bill of exceptions and brief and argument with the court on February 19, 1980. In their bill of exceptions, plaintiffs proposed amendments and in their brief set forth both constitutional and public policy arguments for their proposed amendments. Briefs or comments were also filed by the Academy of Actuaries, the Iowa Broadcasters' Association, and Northwestern Bell Telephone Company. The Iowa Supreme Court heard oral arguments on April 16, 1980, from the plaintiffs, the Committee, and the Iowa Broadcasters' Association. On May 5, 1980, the Iowa Supreme Court entered its order adopting the amendments to the Iowa Code of Professional Responsibility for Lawyers as proposed by the Committee and overruling and denying the bill of exceptions filed by the plaintiffs.

The plaintiffs did not seek review by the United States Supreme Court.

## SUBJECT MATTER JURISDICTION

The defendants contend that plaintiffs' sole recourse from the denial of their bill of exceptions by the Iowa Supreme Court lay in direct review of that decision by the United States Supreme Court and that this court, accordingly, is without jurisdiction to entertain a collateral attack on the judgment of the Iowa Supreme Court.

It is clear, and plaintiffs concede, that if the Iowa Supreme Court's final order amending the disciplinary rules and denying the plaintiffs' bill of exceptions was an appealable judgment under the provisions of 28 U.S.C. § 1257,[2] their sole remedy was

---

**2.** 28 U.S.C. § 1257 provides in part:

 Final judgments or decrees rendered by the highest court of a State in which a decision

could be had, may be reviewed by the Supreme Court as follows:

 * * * * * *

to appeal to the United States Supreme Court, and their failure to do so would preclude this action. *See Brown v. Board of Bar Examiners*, 623 F.2d 605, 609–10 (9th Cir. 1980); *Grossgold v. Supreme Court of Illinois*, 557 F.2d 122, 124–25 (7th Cir. 1977); *Doe v. Pringle*, 550 F.2d 596, 599 (10th Cir. 1976), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977); *Jones v. Hulse*, 391 F.2d 198, 202 (8th Cir.), *cert. denied*, 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167 (1968).

Plaintiffs, however, disagree with the defendants' characterization of the proceedings in the Iowa Supreme Court and their assertion that its final order was an appealable judgment. Rather, plaintiffs argue that the Iowa Supreme Court was adopting amendments to the Iowa Code of Professional Responsibility for Lawyers and as such was acting in an administrative or legislative role from which no appeal would lie under section 1257.

■ In promulgating and amending disciplinary rules regulating the practice of law in a state, the state's supreme court is exercising a legislative function. *Supreme Court of Virginia v. Consumers Union of the United States*, 446 U.S. 719, 100 S.Ct. 1967, 1974, 64 L.Ed.2d 641 (1980). The Court agreed with the following analysis in Judge Warriner's dissent in *Hirschkop v. Virginia State Bar*, 421 F.Supp. 1137, 1156 (E.D.Va.), *rev'd on other grounds sub nom., Hirschkop v. Snead*, 594 F.2d 356 (4th Cir. 1979):

Disciplinary rules are rules of general application and are statutory in character. They act not on parties litigant but on all those who practice law in Virginia. They do not arise out of a controversy which must be adjudicated, but instead out of a need to regulate conduct for the protection of all citizens. It is evident that, in enacting disciplinary rules, the Supreme Court of Virginia is constituted a legislature.

*Supreme Court of Virginia v. Consumers Union of the United States, supra*, 100 S.Ct. at 1974.

■ The initiation of the disciplinary rules amendment process by the plaintiffs and their active role in presenting proposed amendments and challenging in the Iowa Supreme Court the Committee's proposed amendments presents this court with the question of whether the plaintiffs, by their actions, converted the Iowa Supreme Court's legislative function into a judicial function, thus making its order of May 5 appealable under section 1257. I think not.

"A case arises, within the meaning of the Constitution, when any question respecting the Constitution, treaties or laws of the United States has assumed 'such a form that the judicial power is capable of acting on it.' *Osborn v. Bank*, 9 Wheat. 738, 819 [6 L.Ed. 204]." *In re Summers*, 325 U.S. 561, 566–67, 65 S.Ct. 1307, 1310–11, 89 L.Ed. 1795 (1945). "[T]here must be an actual controversy over an issue, not a desire for an abstract declaration of the law." *Id.* at 567, 65 S.Ct. at 1311. The litigation type format of the Iowa Supreme Court's proceeding is not controlling; the nature and effect of the proceeding is controlling. *Id.* at 566–67, 65 S.Ct. at 1310–11.

The Seventh Circuit has focused on the state court's distinctive roles as adjudicator and legislator in resolving the issue of subject matter jurisdiction in a case such as this. *See Ktsanes v. Underwood*, 552 F.2d 740, 743 (7th Cir. 1976). Other circuits have questioned the propriety of using such a demarcation as the touchstone for determining jurisdiction, *see Brown v. Board of Bar Examiners, supra*, 623 F.2d at 610 n.10, and have looked instead to the nature of the allegations and the remedy requested,

(2) By appeal, where is drawn in question the validity of a statute of any state on the ground of its being repugnant to the Constitution, treaties or laws of the United States, and the decision is in favor of its validity.

(3) By writ of certiorari, where the validity of a treaty or statute of the United States is drawn in question or where the validity of a State statute is drawn in question on the ground of its being repugnant to the Constitution, treaties or laws of the United States, or where any title, right, privilege or immunity is specially set up or claimed under the Constitution, treaties or statutes of, or commission held or authority exercised under, the United States.

see *id.* at 610; *Santos v. Alaska Bar Ass'n,* 618 F.2d 575, 577 (9th Cir. 1980); *Doe v. Pringle, supra,* 550 F.2d at 599; *Woodard v. Virginia Bd. of Bar Examiners,* 454 F.Supp. 4, 6 (E.D.Va.1978). The Eighth Circuit has not clearly addressed the issue. It is one that need not be resolved today for under either approach, the plaintiffs' participation in the process of amending the Iowa Code of Professional Responsibility for Lawyers did not trigger *judicial* action by the Iowa Supreme Court from which an appeal to the United States Supreme Court could be taken.

The challenged lawyer advertising rules, as amended, were amended in accordance with the Rules of Procedure of the Committee on Professional Ethics and Conduct. *See* Committee Rules 5.1–5.6, *supra.* The procedures set forth in those rules were followed closely. The ultimate result was the adoption of disciplinary rules "universally applicable to all lawyers admitted to practice in Iowa." Committee Rule 5.3. In their application to the Committee, the plaintiffs proposed amendments of general applicability. They did not seek particularized relief. Although the plaintiffs raised both constitutional and public policy questions, it was done in the context of rule making. Consistent with this function the Committee conducted a public hearing and invited written comments on the amendments. After the hearing, the Committee, consistent with its rules, proposed amendments to the Iowa Supreme Court. In acting on the proposed amendments the Iowa Supreme Court scheduled a hearing inviting "any interested organization, agency or person [to] submit appropriate documents and briefs in favor or opposed to all or any part of the proposed amendments." A chance to be heard orally was also allowed. The bill of exceptions filed by the plaintiffs did not seek particularized relief but proposed amendments of general applicability. Again, while raising both constitutional and public policy reasons for their amendments, plaintiffs' actions were taken in the context of rule making. The order which the defendants contend plaintiffs should have appealed was a rejection of plaintiffs' proposed amendments and the adoption of a specific set of amendments to the Code of Professional Responsibility for Lawyers. If an appeal had been attempted, the United States Supreme Court would not have been presented with a particularized dispute upon which its judicial power could act; rather, it would have been presented with two sets of legislative proposals. There was no "case" or "controversy," *see* U.S. Const. art. III, § 2, so no appeal could be taken.

This case is distinguishable from those in which the federal district court was asked to relitigate a particularized complaint raised in the state courts, such as *In re Summers, supra; Brown v. Board of Bar Examiners, supra; Grossgold v. Supreme Court of Illinois, supra; Doe v. Pringle, supra; Feldman v. State Bd. of Law Examiners,* 438 F.2d 699 (8th Cir. 1971); *Jones v. Hulse, supra,* cases in which the courts dealt with the denial of an individual's application for admission to the state bar or the state's suspension or disbarment of an individual attorney.

It is my conclusion that the Iowa Supreme Court order of May 5, 1980, was not a final judgment or decree appealable under 28 U.S.C. § 1257, and the plaintiffs' failure to seek United States Supreme Court review of that order does not deprive this court of subject matter jurisdiction.

### RES JUDICATA

Alternatively, the defendants argue that the plaintiffs, having adjudicated their claims in state court, are now barred from bringing a second action under the doctrine of res judicata or claim preclusion. Defendants' argument on this theory closely parallels their argument on subject matter jurisdiction and is largely answered by this court's conclusions in respect to the subject matter jurisdiction issue.

In *Roach v. Teamsters Local Union No. 688,* 595 F.2d 446, 448 (8th Cir. 1979), *quoting from Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948), the court stated:

The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352 [24 L.Ed. 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

As I have already concluded, the Iowa Supreme Court's order of May 5, 1980, was not a "judgment," and therefore the doctrine of res judicata is not applicable.

## ADDITIONAL GROUNDS ASSERTED BY JUDICIAL DEFENDANTS

Defendants Iowa Supreme Court and its individual justices (the judicial defendants) assert additional grounds for summary judgment, including judicial immunity.

■ Legislative immunity forecloses suit against a court and its judges for actions taken in their legislative capacity. *Supreme Court of Virginia v. Consumers Union of the United States, supra*, 100 S.Ct. at

1975-76. They also enjoy absolute judicial immunity from damages liability for acts performed in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). However, immunity does not preclude the prospective relief of a declaratory or injunctive judgment against them in their enforcement capacities. *Supreme Court of Virginia v. Consumers Union of the United States, supra*, 100 S.Ct. at 1976–77. Whether judicial immunity precludes prospective relief by way of a declaratory or injunctive judgment against a court and its judges in their judicial capacities has not been decided by the United States Supreme Court, *id.* at 1976, or by the United States Court of Appeals for the Eighth Circuit, *see Williams v. Williams*, 532 F.2d 120, 122 n.1 (8th Cir. 1976); *Bonner v. Circuit Court of City of St. Louis*, 526 F.2d 1331, 1334–35 (8th Cir. 1975). This court also need not decide the issue because of the following resolution of the enforcement capacities question.[3]

■ The "subject matter jurisdiction" portion of this memorandum opinion, *supra*, demonstrates that the judicial defendants' order of May 5, 1980, was entered in their immunized legislative capacity. However, the issue remains whether the declaratory and injunctive judgment sought by plaintiffs may be entered against the judicial defendants in their enforcement capacities.

Plaintiffs assert that the Iowa Supreme Court possesses independent enforcement authority similar to that possessed by the Virginia Supreme Court in the *Consumers*

---

**3.** The majority of federal courts that have addressed the issue have refused to extend the doctrine of judicial immunity to suits seeking injunctive and declaratory relief against courts and judges in their judicial capacities. *See Ciudadanos Unidos De San Juan v. Hildalgo County Grand Jury Commissioners*, 622 F.2d 807, 813 n.16 (5th Cir. 1980); *Harris v. Harvey*, 605 F.2d 330, 335 n.7 (7th Cir. 1979), *cert. denied*, 445 U.S. 938, 100 S.Ct. 1331, 63 L.Ed.2d 772 (1980); *Heimbach v. Village of Lyons*, 597 F.2d 344, 347 (2d Cir. 1979); *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978); *Person v. Association of Bar of City of New York*, 554 F.2d 534, 537 (2d Cir. 1977); *Timmerman v. Brown*, 528

F.2d 811, 813–14 (4th Cir. 1975). *But see Zimmerman v. Spears*, 428 F.Supp. 759, 761 (W.D. Tex.1977); *Mirin v. Justices of Supreme Court of Nevada*, 415 F.Supp. 1178, 1190–93 (D.Nev. 1976); *Smallwood v. United States*, 358 F.Supp. 398, 403 (E.D.Mo.), *aff'd*, 486 F.2d 1407 (8th Cir. 1973); *MacKay v. Nesbett*, 285 F.Supp. 498, 502–03 (D.Alaska), *aff'd*, 412 F.2d 846 (9th Cir. 1968), *cert. denied*, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969). In *Person v. Association of Bar of City of New York, supra*, the court refused to apply the doctrine of judicial immunity in a suit seeking a declaration that a lawyer disciplinary rule was unconstitutional.

*Union* case, *supra.* The judicial defendants contend that their enforcement authority is far more limited. Although there are some procedural differences between the Virginia methods of enforcing the Code of Professional Responsibility and the Iowa methods for enforcing the Code of Professional Responsibility, I am constrained to conclude that the Iowa Supreme Court's enforcement powers, including powers to initiate proceedings against attorneys, are every bit as great as those of the Virginia Supreme Court. The enforcement powers of the Virginia Supreme Court are well detailed in the Court's opinion in the *Consumers Union* case, *supra.* The Iowa Supreme Court possesses the exclusive authority to suspend or revoke an attorney's license. Iowa Code § 610.23. There are two methods for disciplinary procedure in Iowa. One is under Iowa Supreme Court Rule 118, and the other is under Iowa Code Chapter 610. Attached hereto and by this reference made a part hereof is an Appendix, which sets forth the Code Chapter 610 provisions, Supreme Court Rule 118, Guidelines Concerning Disciplinary Proceedings Under Supreme Court Rule 118, Rules of the Grievance Commission of the Supreme Court of Iowa, and Rules 1.1 through 4.9, inclusive, of Procedure of the Professional Ethics and Conduct Committee of the Iowa State Bar Association. (The Appendix is copied from page 3032 of Volume III of the 1979 Code of Iowa and from pages 20 through 25h, inclusive, of the Supreme Court Rules section of Iowa Court Rules, a loose-leaf publication of the Iowa Code Editor published pursuant to authority of Iowa Code § 14.21. Supreme Court Rule 118, the Guidelines and the committees' rules are also found at pages 3519–3528 of Volume III of the 1979 Code of Iowa.) The Guidelines note that the Code Chapter 610 proceedings are "not used very much, since rule 118 has become so effective." [4]

Iowa Supreme Court Rule 118.1 creates "the Grievance Commission of the Supreme Court of Iowa whose members shall be the Committee on Grievances of the Iowa State Bar Association and their successors as confirmed by order of this court. Such members are appointed *commissioners of this court.*" (Emphasis supplied.) Iowa Supreme Court Rule 118.2, quoted in its entirety, *supra,* provides in part: "The members of the Committee on Professional Ethics and Conduct of the Iowa State Bar Association and their successors, as confirmed by order of this court are appointed *commissioners of this court* to *initiate* or receive, and process complaints against any attorney licensed to practice law in this state for alleged violations of the Iowa Code of Professional Responsibility for Lawyers and laws of the United States or the state of Iowa." (Emphasis supplied.)

An examination of Iowa Supreme Court Rule 118 discloses that the entire power of enforcement of the Iowa Code of Professional Responsibility for Lawyers, including the power to initiate disciplinary proceedings, rests with the Iowa Supreme Court. At the initiation, investigation and hearing stages the court acts through commissioners of the court who are appointed by the court in the body of a rule promulgated by the court. Furthermore, the Rules of the Grievance Commission and the Rules of Procedure of the Professional Ethics and Conduct Committee were adopted by orders entered by the Iowa Supreme Court. See Appendix pages 8, 10 and 14. Clearly, the Iowa Supreme Court asserts and exercises, through a commission system of its own creation, complete enforcement power in respect to the Iowa Code of Professional Responsibility for Lawyers. The Iowa Supreme Court has also exercised its enforcement powers in an original disciplinary proceeding without resort to Rule 118 procedures or Chapter 610 procedures. *Matter of Frerichs,* 238 N.W.2d 764 (Iowa 1976).

The defendants Iowa Supreme Court and its justices, in their enforcement capacities, are well within the scope of the holding of the United States Supreme Court in the *Consumers Union* case, *supra.*

---

4. The last Iowa Supreme Court decision in a Chapter 610 proceeding was filed 38 years ago. *In re Boyer,* 231 Iowa 597, 1 N.W.2d 707 (1942).

Of course, as *Boyle v. Landry*, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971), and *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), indicate, mere enforcement authority does not create a case or controversy with the enforcement official; but in the circumstances of this case, a sufficiently concrete dispute is as well made out against the Virginia Court as an enforcer as against the State Bar itself. *See Person v. Association of Bar of New York*, 554 F.2d 534, 536–37 (CA2 1977).

*Supreme Court of Virginia v. Consumers Union of the United States, supra*, 100 S.Ct. at 1977 n.15.

This court is satisfied that in the circumstances of this case a sufficiently concrete dispute is made out against the Iowa Supreme Court and its justice as enforcers of the Iowa Code of Professional Responsibility for Lawyers. If plaintiffs violated the provisions of that Code regulating lawyer advertising, the Iowa Supreme Court could initiate and process disciplinary proceedings against them through its commissioners under Iowa Supreme Court Rule 118, or, perhaps, by an original disciplinary proceeding directly in the Iowa Supreme Court, as was done in *Matter of Frerichs, supra*.

■ The judicial defendants further assert that this court should abstain from exercising jurisdiction in this case. The Eighth Circuit recently set forth five factors to be weighed by federal courts in determining whether to abstain in a civil rights action. *See George v. Parratt*, 602 F.2d 818 (8th Cir. 1979). However, as only the final factor of "whether abstention will avoid unnecessary federal interference in state operations," *id.* at ·822, is raised in the motion, I will limit my discussion to that issue.

The judicial defendants argue that this court is compelled by the United States Supreme Court's holdings in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), to refuse to exercise jurisdiction. See defendant court's memorandum in support of motion for summary judgment at 20–21.

In *Younger v. Harris, supra*, 401 U.S. at 54, 91 S.Ct. at 755, the Court held that principles of federalism and comity required a federal court to abstain from exercising its jurisdiction by enjoining a *pending* state criminal prosecution absent a showing of bad faith, harassment, or other unusual circumstances. In *Samuels v. Mackell, supra*, 401 U.S. at 73, 91 S.Ct. at 768, the Court extended this rationale to requests for declaratory judgment.

In this case, however, state disciplinary proceedings have not as yet been initiated against the plaintiffs. There is no pending state proceeding with which the injunctive and declaratory relief sought in this case would interfere. *See Person v. Association of Bar of the City of New York, supra*, 554 F.2d at 537. The principles of federalism and comity underlying the Court's decisions in *Younger* and *Samuels* would not be offended. Accordingly, I conclude that abstention is not appropriate in this case.

■ The judicial defendants also appear to argue that the relief sought by the plaintiffs in this action is prohibited by 28 U.S.C. § 2283. See defendant court's memorandum in support of motion for summary judgment at 4–5.

28 U.S.C. § 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

This section does not prohibit federal injunctions against the initiation of state actions, only the stay of pending state proceedings. *See Dombrowski v. Pfister*, 380 U.S. 479, 484 n.2, 85 S.Ct. 1116, 1119 n.2, 14 L.Ed.2d 22 (1965). As there are no pending state proceedings to stay in this case, the statute, by its very terms, is inapplicable. Furthermore, the United States Supreme Court has held that actions brought under 42 U.S.C. § 1983 fall within the first of section 2283's exceptions as an Act of Congress expressly authorizing the granting of

an injunction against state court proceedings. *Mitchum v. Foster*, 407 U.S. 225, 242-43, 92 S.Ct. 2151, 2161–62, 32 L.Ed.2d 705 (1972). As plaintiffs brought this action under section 1983, section 2283 would not bar the injunctive relief sought.

## RULINGS

IT IS ORDERED that the motion for summary judgment filed by the defendants The Committee on Professional Ethics and Conduct of the Iowa State Bar Association and its chairman, John Gamble, is denied.

IT IS FURTHER ORDERED that the motion for summary judgment filed by defendants The Iowa Supreme Court and the individual members thereof is denied.

## SECTION 1292(b) CERTIFICATION AND STAY ORDER

I am of the opinion that the orders denying the defendants' motions for summary judgment involve controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the orders may materially advance the ultimate termination of the litigation.

IT IS ORDERED that all proceedings, including rulings on the plaintiffs' motion to drop party plaintiffs and plaintiffs' and Gary T. Bishop's motion to add additional party plaintiff and/or motion for leave of court to intervene, are stayed pending application for an appeal under 28 U.S.C. § 1292(b).

## APPENDIX

**610.23 Revocation of license.** The Supreme court may revoke or suspend the license of an attorney to practice law in this state. [C51, § 1620; R60, § 2710; C73, § 217; C97, § 323; C24, 27, 31, 35, 39, § 10929; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.23]

**610.24 Grounds of revocation.** The following are sufficient causes for revocation or suspension:

1. When he has been convicted of a felony. The record of conviction is conclusive evidence.

2. When he is guilty of a willful disobedience or violation of the order of the court, requiring him to do or forbear an act connected with or in the course of his profession.

3. A willful violation of any of the duties of an attorney or counselor as hereinbefore prescribed.

4. Doing any other act to which such a consequence is by law attached.

5. Soliciting legal business for himself or office, either by himself or representative. Nothing herein contained shall be construed to prevent or prohibit listing in legal or other directories, law lists and other similar publications, or the publication of professional cards in any such lists, directories, newspapers or other publication. [C51, § 1621; R60, § 2711; C73, § 218; C97, § 324; C24, 27, 31, 35, 39, § 10930; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.24]

**610.25 Proceedings.** The proceedings to remove or suspend an attorney may be commenced by the direction of the court or on motion of any individual. In the former case, the court must direct some attorney to draw up the accusation; in the latter, the accusation must be drawn up and sworn to by the person making it. [C51, § 1622; R60, § 2712; C73, § 219; C97, § 325; S13, § 325; C24, 27, 31, 35, 39, § 10931; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.25]

S13, § 325, editorially divided

**610.26 Costs.** If an action is commenced by direction of the court, the costs shall be taxed and disposed of as in criminal cases; provided that no allowance shall be made in such case for the payment of attorney fees. [S13, § 325; C24, 27, 31, 35, 39, § 10932; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.26]

**610.27 Order for appearance—notice—service.** If the court deem the accusation sufficient to justify further action, it shall cause an order to be entered requiring the accused to appear and answer in the court where the accusation or charge shall have been filed on the day therein fixed, and shall cause a copy of the accusation and

order to be served upon him personally. [C51, § 1623; R60, § 2713; C73, § 220; C97, § 326; C24, § 10933; C27, 31, 35, § 10934–b1; C39, § 10934.1; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.27]

42GA, ch. 220, § 1, editorially divided

**610.28 Copy of accusation—duty of clerk.** The clerk of the district court shall immediately certify to the clerk of the supreme court a copy of the accusation. [C27, 31, 35, § 10934–b2; C39, § 10934.2; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.28]

**610.29 Notice to attorney general—duty.** Thereupon the chief justice of the supreme court shall notify the attorney general of such accusation and cause a copy thereof to be delivered to him, and it shall thereupon become the duty of the attorney general to superintend either through his office, or through a special assistant to be designated by him, the prosecution of such charges. [C27, 31, 35, § 10934–b3; C39, § 10934.3; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.29]

**610.30 Trial court.** The supreme court shall designate three district judges to sit as a court to hear and decide such charges. [C27, 31, 35, § 10934–b4; C39, § 10934.4; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.30]

**610.31 Time and place of hearing.** The hearing shall be at such time as the chief justice of the supreme court may designate, and shall be held within the county where the accusation was originally filed. [C27, 31, 35, § 10934–b5; C39, § 10934.5; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.31]

**610.32 Determination of issues.** The determination of all issues shall be heard before the said judges selected by the supreme court as herein provided for. [C27, 31, 35, § 10934–b6; C39, § 10934.6; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.32]

**610.33 Record and judgment.** The records and judgment at such trial shall constitute a part of the records of the district court in the county in which the accusations are originally filed. [C27, 31, 35, § 10934–b7; C39, § 10934.7; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.33]

**610.34 Pleadings—evidence—preservation.** To the accusation, the accused may plead or demur and the issues joined thereon shall in all cases be tried by said judges so selected and all of the evidence at such trial shall be reduced to writing, filed and preserved. [C51, § 1624; R60, § 2714; C73, § 221; C97, § 327; C24, § 10934; C27, 31, 35, § 10934–b8; C39, § 10934.8; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.34]

**610.35 Costs and expenses.** The court costs incident to such proceedings, and the reasonable expense of said judges in attending said hearing after being approved by the supreme court shall be paid as court costs by the executive council. [C27, 31, 35, § 10934–b9; C39, § 10934.9; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.35]

**610.36 Plea of guilty or failure to plead.** If the accused plead guilty, or fail to answer, the court shall proceed to render such judgment as the case requires. [C51, § 1625; R60, § 2715; C73, § 222; C97, § 328; C24, 27, 31, 35, 39, § 10935; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.36]

**610.37 Appeal.** In case of a removal or suspension being ordered, an appeal therefrom lies to the supreme court, and all the original papers, together with a transcript of the record, shall thereupon be transferred to the supreme court, to be there considered and finally acted upon. A judgment of acquittal by a court of record is final. [C51, § 1626; R60, § 2716; C73, § 223; C97, § 329; C24, 27, 31, 35, 39, § 10936; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, § 610.37]

## GRIEVANCE COMMISSIONERS

### Court Rule 118 Complaint Procedure

Referred to in Rule EC 2–9, DR 2–101, 2–105; Grievance Committee Rules 3 and 7; Ethics Rule 3.2

**118.1 Grievance commission.** There is hereby created the Grievance Commission of the Supreme Court of Iowa whose members shall be the Committee on Grievances of the Iowa State Bar Association and their successors as confirmed by order of this court. Such members are appointed commissioners of this court. The grievance

commission, or a duly appointed division thereof shall hold hearings and receive evidence concerning alleged violations, wherever such violations occur, of the Iowa Code of Professional Responsibility for Lawyers or laws of the United States, and the laws of the state of Iowa or any other state or territory within their respective jurisdictions by lawyers who are members of the bar of this court. The grievance commission shall have such other powers and duties as are provided in these rules.

**118.2 Processing of complaints.** The members of the Committee on Professional Ethics and Conduct of the Iowa State Bar Association and their successors, as confirmed by order of this court are appointed commissioners of this court to initiate or receive, and process complaints against any attorney licensed to practice law in this state for alleged violations of the Iowa Code of Professional Responsibility for Lawyers and laws of the United States or the state of Iowa. Upon completion of any such investigation the committee on professional ethics and conduct shall either dismiss the complaint made, or admonish or reprimand the complained against attorney, or file and prosecute the complaint before the grievance commission or any division thereof.

**118.3 Reprimand.** In event an attorney is reprimanded by the committee on professional ethics and conduct, a copy of the reprimand shall be filed with the clerk of the grievance commission who shall immediately forward a copy thereof, by restricted certified mail, to the attorney reprimanded, therein stating that he or she has thirty days from the date of receipt thereof to file exceptions thereto with the clerk of the grievance commission. If the attorney fails to file an exception such failure shall constitute a waiver of any further proceedings and a consent that the reprimand be final and public. In that event, the clerk of the grievance commission shall cause a copy of the reprimand to be forwarded to the clerk of this court, together with proof of the aforesaid service thereof and a statement that no exceptions had been filed within the time prescribed. This court shall

thereupon cause the reprimand to be spread upon the records of the court as a public document. In event, however, the attorney concerned files timely exception to the reprimand, no report of the reprimand shall be made to the clerk of this court and the reprimand shall be stricken from the records. The committee on professional ethics and conduct may, however, proceed further with any complaint against such attorney before the grievance commission. When a reprimand has been filed but exception is duly taken thereto such reprimand shall not be admissible in evidence in any hearing before the grievance commission.

**118.4 Rules.** The grievance commission and the committee on professional ethics and conduct shall each adopt reasonable rules prescribing the procedure to be followed in all disciplinary proceedings before each such body, which rules shall be subject to approval by this court.

**118.5 Complaints.** Every complaint filed against an attorney with the grievance commission shall be signed and sworn to by the chairman of the committee on professional ethics and conduct and served upon the attorney concerned as provided by the rules of the grievance commission. Such complaints shall be sufficiently clear and specific in their charges to reasonably inform the attorney against whom the complaint is made of the misconduct he or she is alleged to have committed. All complaints, motions, pleadings, records, reports, exhibits, evidence and all other documents or things filed under this rule or received in evidence in a hearing before the grievance commission shall be filed with and preserved by the secretary of the grievance commission in Des Moines, Iowa, all of which shall at all times be available to this court or anyone designated by this court.

**118.6 Discovery.** In any disciplinary proceeding or action taken by the committee on professional ethics and conduct, discovery shall be permitted as provided in R.C.P. 121 to 134 inclusive; 140 and 141; and in 143 to 158. The attorney against whom a complaint has been filed, in addi-

tion to the restriction stated in R.C.P. 122 (a) shall not be required to answer an interrogatory pursuant to R.C.P. 126; a request for admission pursuant to R.C.P. 127; a question upon oral examination pursuant to R.C.P. 140; or a question upon written interrogatories, pursuant to R.C.P. 150; if the answer would be self-incriminatory. In addition thereto, evidence and testimony may be perpetuated as provided in R.C.P. 159 to 166. If either party is to utilize discovery, it must be commenced within thirty days after the date the complaint was filed. The commission may permit amendments to the complaint to conform to the proof or to raise new matters as long as the respondent has notice thereof and a reasonable time to prepare his defense thereto prior to the date set for hearing. The grievance commission, or any division thereof, shall receive an application and may enter an order to enforce discovery or to perpetuate any evidence.

**118.7 Hearing.** After a complaint has been filed with the grievance commission and an answer filed thereto pursuant to its rules or the time provided for such answer has expired, the grievance commission shall immediately upon the expiration of thirty days from the date the complaint was filed set the matter for hearing and notify all parties thereof at least ten days prior to the date set for such hearing, by restricted certified mail or personal service. If neither party has commenced any discovery within thirty days of the filing of the complaint, the hearing date shall be set not less than forty-five days nor more than sixty days after the filing of the complaint. If a party has commenced discovery, the hearing date shall be set not less than sixty days nor more than seventy-five days from the date the complaint is filed. The commission may grant reasonable continuances but only upon written application supported by affidavit. Proceedings and hearings before the grievance commission or any division thereof shall be confidential unless the attorney involved requests otherwise.

**118.8 Subpoenas.** The clerk of the district court of the county in which any disciplinary hearing is to be held shall issue subpoenas of all kinds upon request of the grievance commission, the complainant, or the attorney against whom a complaint has been filed. Any member of the grievance commission is hereby empowered to administer oaths to all witnesses, and shall cause such testimony to be officially reported by a court reporter. The grievance commission shall report to the supreme court of Iowa the failure or refusal of any person to attend or testify in response to any subpoena or any ruling of said commission.

**118.9 Decision.** At the conclusion of a hearing upon any complaint against an attorney the grievance commission shall dismiss the complaint, or reprimand the attorney, or recommend to this court that the license to practice law of the accused attorney be suspended or revoked. If the grievance commission reprimands the attorney or recommends suspension or revocation of the attorney's license, it shall report to this court, in writing, its findings of fact, conclusions of law, and recommendations. The commission may permit a reasonable time for the parties to file post hearing briefs and arguments. The disposition or report of the commission shall be made or filed with this court within thirty days of the date set for the filing of the last responsive brief and argument. If the commission cannot reasonably make its determination or file its report within such time limit, it shall report that fact and the reasons therefor to the parties and the clerk of this court. Any determination or report of the commission need only be concurred in by a majority of the commissioners sitting. Any commissioner has the right to file with this court his or her dissent from the majority determination or report. Such matter shall then stand for final disposition in this court. If the grievance commission dismisses the complaint, no report shall be made to this court, except as provided in rule 118.20. Any report of reprimand or recommendations for license suspension or revocation shall be a public document upon the filing thereof with the clerk of this court.

Referred to in Court Rule 118.11

**118.10 Disposition by the supreme court.** Any report filed by the grievance commission with this court shall be served upon the attorney concerned as provided by the rules of the grievance commission. Such report shall be entitled in the name of the complainant versus the accused attorney as the respondent. If no exceptions are filed or no appeal is taken as hereinafter provided in these rules, the court shall proceed to determine the matter.

This court may revoke or suspend the license of an attorney admitted to practice in Iowa upon any of the following grounds: conviction of a felony, conviction of a misdemeanor involving moral turpitude, violation of any provision of the Iowa code of Professional Responsibility for Lawyers, or any cause now or hereafter provided by statute or these rules.

**118.11 Exceptions and appeal.** The respondent shall have twenty days to file with the clerk of this court a statement of exceptions to such report filed by the grievance commission pursuant to rule 118.9 and to give notice of appeal therefrom to this court. Such appeal shall thereafter be reviewed de novo by this court upon the record made before the grievance commission, and shall proceed as provided for appeals of civil cases. The complainant, within twenty days after filing of final disposition of a case by the grievance commission may apply to this court for permission to appeal from a ruling, report, or recommendation of the grievance commission. This court may grant such appeal, but not ex parte, and if the appeal is granted, it shall proceed as provided in appeals of civil cases. If such appeal is from the grievance commission's dismissal of a complaint, or of any charge contained therein, such appeal shall remain confidential. In event, however, this court reverses or modifies the report of the grievance commission, such court order of reversal or modification shall become a public record.

**118.12 Suspension.** In event an order of this court provides for the suspension of the license of an attorney to practice law, such suspension shall continue for the minimum time specified in such order and until this court has approved the attorney's written application for reinstatement.

Any attorney suspended shall refrain, during such suspension, from all facets of the ordinary law practice including but not limited to the examination of abstracts, consummation of real estate transactions, preparation of legal briefs, deeds, buy and sell agreements, contracts, wills and tax returns.

**118.13 Application for reinstatement.** An application for reinstatement from any suspension shall be filed with the clerk of this court not more than sixty days prior to expiration of such suspension or time fixed for making application therefor in accordance with the provisions of court rule 117. In addition thereto the applicant shall state, in said application, that he or she has complied in all respects with the orders and judgments of this court relating to the suspension. The applicant shall also submit to this court satisfactory proof that he or she, at time of the application, is of good moral character and in all respects worthy of the right to practice law.

**118.14 Conviction of a crime.** Upon receipt by this court of satisfactory evidence that an attorney had pled guilty to, or nolo contendere to, or has been convicted of a crime which would be grounds for license suspension or revocation, such attorney may be temporarily suspended from the practice of law by this court regardless of the pendency of an appeal. Not less than twenty days prior to the effective date of such suspension, the attorney concerned shall be notified, in writing directed by restricted certified mail to his last address as shown by the records accessible to this court, that he has a right to appear before one or more justices of this court at a specified time, at a designated place and show cause why such suspension should not take place. Any hearing so held shall be informal and the strict rules of evidence shall not apply. The decision rendered may simply state the conclusion and decision of the participating justice or justices and may be orally delivered to the attorney at the close of the hearing

or sent to him in written form at a later time.

Any attorney suspended pursuant to this rule shall refrain, during such suspension, from all facets of the ordinary law practice including but not limited to the examination of abstracts, consummation of real estate transactions, preparation of legal briefs, deeds, buy and sell agreements, contracts, wills and tax returns.

For good cause shown, this court may set aside an order temporarily suspending an attorney from the practice of law as hereinabove provided, upon application by such attorney and hearing thereon in accordance with court rule 117, but such reinstatement shall neither terminate a disciplinary proceeding then pending nor stand as a bar to any such proceeding thereafter instituted against such attorney.

An attorney temporarily suspended under the aforesaid provisions of this rule shall be promptly reinstated upon the filing of a good and sufficient certificate disclosing the underlying conviction of a crime has been finally reversed or set aside, but such reinstatement shall neither terminate a disciplinary proceeding then pending nor stand as a bar to any such proceeding thereafter instituted against such attorney.

The clerk of any court in this state in which an attorney has pled guilty or nolo contendere to, or been convicted of a crime as aforesaid shall, within ten days thereafter transmit a certificate thereof to the clerk of this court.

**118.15 Disbarment on consent.** An attorney subject to investigation or a pending proceeding involving allegations of misconduct subject to disciplinary action may acquiesce in his or her disbarment, but only by delivering to the grievance commission an affidavit stating he or she consents to disbarment and that (1) the consent is freely and voluntarily given absent any coercion or duress, with full recognition of all implication attendant upon such consent; (2) he or she is aware of a presently pending investigation into, or proceeding involving allegations that there exist grounds for discipline the nature of which shall be specifically set forth; (3) he or she acknowledges the material facts so alleged are true; and (4) in event proceedings were instituted upon the matters under investigation, or if existent proceedings were pursued, he or she could not successfully defend against same.

Upon receipt of such affidavit the grievance commission shall cause same to be filed with the clerk of this court whereupon this court shall enter an order disbarring such attorney on consent.

Any order disbarring an attorney on consent shall be a matter of public record. However, the affidavit required as aforesaid shall not be publicly disclosed or made available for use in any other proceeding except upon order of this court.

**118.16 Disability suspension.** In event an attorney shall at any time in any jurisdiction be duly adjudicated a mentally incapacitated person, or an alcoholic, or a drug addict, or shall be committed to an institution or hospital for treatment thereof, the clerk of any court in Iowa in which any such adjudication or commitment is entered shall, within ten days thereafter, certify same to the clerk of this court.

Upon the filing of any such certificate or a like certificate from another jurisdiction this court may enter an order suspending the license of such attorney to practice law in this state until further order of this court. Not less than twenty days prior to the effective date of such suspension, the attorney concerned or his or her guardian and the director of the institution or hospital to which such attorney has been committed, if any, shall be notified, in writing directed by restricted certified mail to his last address as shown by the records accessible to this court, that he has a right to appear before one or more justices of this court at a specified time, at a designated place and show cause why such suspension should not take place. Any hearing so held shall be informal and the strict rules of evidence shall not apply. The decision rendered may simply state the conclusion and decision of the participating justice or justices and may be orally delivered to the

attorney at the close of the hearing or sent to him in written form at a later time. A copy of such suspension order shall be given the suspended attorney, or to his or her guardian and the director of the institution or hospital to which such suspended attorney has been committed, if any, by restricted mail or personal service as this court may direct.

Any attorney suspended pursuant to this rule shall refrain, during such suspension, from all facets of the ordinary law practice including but not limited to the examination of abstracts, consummation of real estate transactions, preparation of legal briefs, deeds, buy and sell agreements, contracts, wills and tax returns.

No attorney suspended due to disability under the aforesaid provisions of this rule may engage in the practice of law in this state until reinstated by order of this court. Any attorney so suspended shall be entitled to apply for reinstatement to active status once each year or at such shorter intervals as this court may, in the suspension order, provide or specify. An attorney suspended due to any aforesaid disability may be reinstated by this court upon a showing, by clear and convincing evidence, that the attorney's disability has been removed and he or she is fully qualified to resume the practice of law. Upon the filing of an application for reinstatement this court may take or direct any action deemed necessary or proper to determine whether such suspended attorney's disability has been removed, including a direction for an examination of the applicant by such qualified medical experts as this court shall designate. In its direction this court may direct that the expenses of such an examination be paid by the petitioning attorney.

The filing of an application for reinstatement to active status by an attorney suspended due to disability shall constitute a waiver of any doctor-patient privilege with regard to any treatment of the petitioning attorney during the period of his or her disability. Such attorney shall also set forth in his or her application for reinstatement the name of every psychiatrist, psy-

chologist, physician and hospital or any other institution by whom or in which the petitioning attorney has been examined or treated since his or her suspension due to disability, and shall also furnish to this court written consent that any such psychiatrist, psychologist, physician and hospital or other institution by whom or in which the petitioner has been examined or treated as aforesaid may divulge any and all information and records requested by this court or any court-appointed medical experts.

Where an attorney has been suspended due to any aforesaid disability and thereafter, in proceedings duly had, he or she shall be judicially held to be competent or cured, this court may dispense with further evidence regarding removal of his or her disability and may order his or her reinstatement to active status upon such terms as are deemed reasonably proper and advisable.

**118.17 Reciprocal discipline.** Any attorney admitted to practice in this state, upon being subjected to professional disciplinary action in another jurisdiction or in any federal court, shall promptly advise the grievance commission, in writing, of such action. Upon being informed that an attorney admitted to practice in this state has been subjected to discipline in another jurisdiction or any federal court, the grievance commission shall obtain a certified copy of such disciplinary order and cause same to be filed in the office of the clerk of this court.

Upon receipt of a certified copy of an order disclosing an attorney admitted to practice in this state has been disciplined in another jurisdiction or any federal court, this court shall promptly give notice thereof by restricted certified mail or personal service directed to such attorney containing: (1) A copy of said disciplinary order from the other jurisdiction or federal court, and (2) an order directing that such disciplined attorney inform this court, within thirty days after receipt of said notice, of any claim by such attorney that imposition of identical discipline in this state would be too severe, too lenient or otherwise unwarranted, giving the specific reasons therefor.

A like notice shall be mailed to the committee on professional ethics and conduct of the Iowa State Bar Association. If either party so informs this court, the matter shall be set for hearing before five or more justices of this court and the parties notified thereof by restricted certified mail at least ten days prior to the date set. At such hearing a certified copy of the testimony, transcripts, exhibits, affidavits and other matters introduced into evidence in such jurisdiction or federal court shall be admitted into evidence as well as any findings of fact, conclusions of law, decision and orders decided or issued. Any such findings of fact shall be conclusive and not subject to readjudication. Thereafter, the court shall enter such findings, conclusions and orders that it deems appropriate. If neither party so informs this court within thirty days from service of notice issued pursuant to the foregoing provisions hereof, this court may impose the identical discipline, unless this court finds that on the face of the record upon which the discipline is predicated it clearly appears: (1) The disciplinary procedure was so lacking in notice and opportunity to be heard as to constitute a deprivation of due process; or (2) there was such infirmity of proof establishing misconduct as to give rise to the clear conviction that this court could not, conscientiously, accept as final the conclusion on that subject; or (3) the misconduct established warrants substantially different discipline in this state.

Where this court determines that any of the aforesaid factors exist, such order as is deemed appropriate may be entered by this court. Rule 117 shall apply to any subsequent reinstatement or reduction or stay of discipline.

**118.18 Notification of clients and counsel.** In every case in which a respondent is ordered to be disbarred or suspended, the respondent shall:

*(a)* Within fifteen days in the absence of cocounsel, notify his or her clients in all pending matters to seek legal advice elsewhere, calling attention to any urgency in seeking the substitution of another lawyer;

*(b)* Within fifteen days deliver to all clients being represented in pending matters any papers or other property to which they are entitled or notify them and any cocounsel of a suitable time and place where the papers and other property may be obtained, calling attention to any urgency for obtaining the papers or other property;

*(c)* Within thirty days refund any part of any fees paid in advance that have not been earned;

*(d)* Within fifteen days notify opposing counsel in pending litigation or, in the absence of such counsel, the adverse parties, of the respondent's disbarment or suspension and consequent disqualification to act as a lawyer after the effective date of such discipline or transfer to disability inactive status;

*(e)* Within fifteen days file with the court, agency, or tribunal before which the litigation is pending a copy of the notice to opposing counsel or adverse parties;

*(f)* Keep and maintain records of the steps taken to accomplish the foregoing; and

*(g)* Within thirty days file proof with this court and with the Committee on Professional Ethics and Conduct of complete performance of the foregoing, and this shall be a condition for application for readmission to practice.

**118.19 Immunity.** Complaints submitted to the grievance commission or testimony with respect thereto shall be privileged and no lawsuit predicated thereon may be instituted.

Members of the grievance commission, members of the committee on professional ethics and conduct, and their respective staffs shall be immune from suit for any conduct in the course of their official duties.

A true copy of any complaint against a member of the grievance commission or the committee on professional ethics and conduct involving alleged violations of the attorney's oath of office or of the Iowa Code of Professional Responsibility for Lawyers

and laws of the United States or state of Iowa shall be promptly forwarded to the chief justice of this court.

**118.20 Reports.** The chairman of the grievance commission and the chairman of the committee on professional ethics and conduct shall, on July 1 of each year, submit to this court a report of the number of complaints received and processed during the prior period, a synopsis of each such complaint, and the disposition thereof. In event such disposition was by way of dismissal of the complaint, the name of the attorney charged shall be omitted, but a synopsis of the charges made and by whom and a report of disposition shall be included.

Referred to in Court Rule 118.9

**118.21 Effective dates.** These rules shall have prospective and retrospective application to all alleged violations, complaints, hearings, and dispositions thereof on which a hearing has not actually been commenced before the grievance commission prior to the effective date of these rules.

[Amended by Court Order June 10, 1964; October 8, 1970; November 8, 1974; January 15, 1975; November 21, 1977; January 15, 1979]

Referred to in Court Rule 121.2–121.5, 123.5

## GUIDELINES CONCERNING DISCIPLINARY PROCEEDINGS UNDER SUPREME COURT RULE 118

[See order of June 23, 1975 creating Grievance Commission rules]

There are two methods for disciplinary procedure in Iowa. One is under Iowa supreme court rule 118, and the other is under chapter 610, Code of Iowa, 1977.

The procedure under chapter 610 provides for the filing of a complaint in the district court, and pleadings and trial as with ordinary public litigation, before a three-judge court appointed by the chief justice of the Iowa supreme court. This statement of chapter 610 proceedings is abbreviated because it is not used very much, since rule 118 has become so effective. These guidelines concern themselves with the rule 118 procedure.

Complaints may be filed either with the county or district bar association or directly with the state. There is enclosed herewith a copy of the complaint form used by the state.

Nowhere, either by statute or supreme court rule is there provision defining the authority of a local committee. Traditionally local committees have:

1. Investigated complaints.

2. By personal admonition or in writing warned members of their Bar concerning activities considered improper.

3. Forwarded the material to the state committee for attention. Local committees can, and for many years past have played a very important role in discipline, by meeting with the complainants, hearing "their side" and explaining the whole problem. Often this is all the complainants want and all that is needed. There also is great value in these committees meeting with the lawyer, hearing his side and, where indicated, influencing him to adjust his fee, correct a minor error, or caution him against certain practices.

If discipline more serious than an admonition is indicated, it is suggested that under existing rules the matter be forwarded to the committee on professional ethics and conduct of the Iowa state bar association. It is entirely possible that that committee will request additional investigation or action from the local committee thereafter.

The members of the committee on professional ethics and conduct are appointed by the president of the Iowa state bar association and confirmed as commissioners of the supreme court. Upon receipt of complaints by that committee, they are investigated to the extent deemed necessary and then acted upon by the committee.

The committee has the authority to:

1. Dismiss the complaint.

2. Admonish (a private communication spelling out the violation that has occurred and cautioning against its repetition).

3. Reprimand. (This is a written reprimand which becomes filed with the clerk of the supreme court and thus becomes a public record unless excepted to by respondent). See rule 118.3.

4. File a formal complaint with the grievance commission.

The members of the grievance commission are appointed by the president of the Iowa state bar association and confirmed as commissioners of the supreme court. The grievance commission receives formal complaints filed by the committee on professional ethics and conduct and may:

1. Dismiss the complaint.
2. Admonish the respondent.
3. Recommend reprimand.
4. Recommend suspension for a certain period of time.
5. Recommend disbarment.

The findings and recommendations of the grievance commission are filed with the clerk of the supreme court. Under rule 118 procedure, this is the first time they become a public record.

The respondent may take exception, and if this is done, the court considers the matter de novo, on the record. Whether or not exception is taken, final action on the recommendation of the grievance commission is by the supreme court, on its order.

There are attached hereto a copy of supreme court rule 118, a copy of the rules of the committee on professional ethics and conduct, and a copy of the rules of the grievance commission.

Local committees are encouraged to confer with the Iowa state bar association committee on professional ethics and conduct whenever in their opinion it seems desirable.

THE IOWA STATE BAR ASSOCIATION
COMPLAINT FORM

Re _____ (Name of Attorney)

of _____ , Iowa

I, _____ , residing at _____
(Complainant)

_____ , in the City of _____ , State

of _____ , hereby complain that _____ ,

whose address is _____

has violated the Rules of Ethics and Conduct of the Legal Profession in that:

(Here explain the basis for the complaint)
(Additional pages may be attached if necessary)

IN FILING THIS COMPLAINT, THE UNDERSIGNED HEREBY WAIVES THE ATTORNEY-CLIENT RELATIONSHIP BETWEEN COMPLAINANT AND THE ABOVE NAMED ATTORNEY.

Date_____

_____
Signature of Complainant

Subscribed and sworn to before me this _____ day of _____ , 19_____.

_____
Notary Public in and for the
State of _____

# RULES OF THE GRIEVANCE COMMISSION OF THE SUPREME COURT OF IOWA

[Adopted by Supreme Court Order June 23, 1975]

The following shall be the rules of the grievance commission of the supreme court of Iowa:

1. The grievance commission of the supreme court of Iowa is hereafter referred to as the commission, and the members there-

of are referred to as the commissioners. The commissioners shall elect from their members one to serve as chairman and one as vice chairman and shall appoint a clerk and assistant clerk who shall serve as secretary and assistant secretary of the commission. In the absence or inability to act, of the chairman, the vice chairman shall perform all duties of the chairman.

2. The commissioners may act as a body or in such divisions as the chairman may direct. Until otherwise directed the commission shall consist of four divisions designated first, second, third and fourth, and each division shall consist of five members. The personnel of each division shall be selected and designated by the chairman for each complaint as required. He shall appoint one of said members to serve as president of said division. One additional member shall be selected as an alternate.

3. All complaints made in accordance with court rule 118 shall be filed with the secretary, who shall refer the same to the committee on professional ethics and conduct, hereafter referred to as the committee.

4. Any complaint filed by the committee shall be filed in the name of the committee as complainant and against the attorney named in said charges as respondent. Thereafter such complaint and charges referred to therein shall be prosecuted by said committee before the commission until final disposition thereof.

5. The secretary shall cause each such complaint to be separately numbered and filed and all subsequent motions, pleadings, orders or other documents relating thereto shall be made part of such file. The secretary shall also provide for a permanent docket to be kept as required by court rule 118.5. All complaints filed by or on behalf of the committee shall be docketed therein and such file and docket shall be kept in substantially the same manner as the records relating to civil action in district court.

6. The secretary shall report the filing of each such complaint to the chairman of the commission, who shall thereupon by written order filed in the cause direct that the same be heard by the commission as a whole or a specified division thereof.

7. Upon the filing of such complaint, the secretary shall also cause a written notice thereof with a copy of said complaint, a copy of court rule 118, and a copy of these rules attached to be served upon the respondent by personal service in the manner of an original notice in civil suits or by restricted certified mail. Said notice shall include a recommendation that the respondent select an attorney to represent him or request the chief justice of the supreme court to appoint counsel on his behalf. Said notice shall also notify said respondent to file a written answer to said complaint within fifteen days after completed service of said notice. Written return of service shall be made by the person making the service if by personal service, or by the secretary with postal receipts attached if by restricted certified mail, and such return of service shall be filed in the cause. Service shall be deemed complete on the date of personal service or date shown by the postal receipt of delivery of said notice to the respondent. Said notice shall be deemed sufficient if substantially in the form set out in Appendix "A", made a part hereof.

8. The respondent shall file a written answer to such complaint within fifteen days from the completed service of said notice. If he fails or refuses to file such answer within the time specified, the allegations of said complaint shall be considered denied and the commission or a division thereof may proceed as if a formal denial were filed.

9. The chairman of the commission or the president of any division thereof to which a complaint has been referred, shall direct a hearing to be held upon such complaint within a reasonable time, in the county of respondent's residence or at the discretion of the chairman within any other judicial district as shall most nearly serve the convenience of the parties, and shall designate by written order the time and place for such hearing and the personnel of the commission or division. The secretary shall mail a copy of said order to all parties

and attorneys at least ten days before the date set for said hearing. If the respondent files written objections to the hearing of said complaint in the county of his residence, the hearing shall be held at such other place as the chairman or division president shall direct by written order in which case a new notice shall be given as above prescribed.

10. No hearing shall be continued except for good cause. Except in case of emergency, any motion for continuance shall be filed at least seven days before the day of hearing. Any objections to continuance shall be filed promptly thereafter.

11. The chairman of the commission or president or any member of a division to which a complaint has been referred, or any attorney against whom a complaint has been filed, may request the clerk of the district court of the county in which any disciplinary hearing is held to issue subpoenas of every kind in all matters pending before the commission or division thereof and the clerk shall issue same. Any member of the grievance commission is hereby empowered to administer oaths to all witnesses and shall cause such testimony to be officially reported by a court reporter.

12. All answers, motions, applications, petitions, and pleadings in connection with a complaint shall be filed in duplicate with the secretary at his office in Des Moines, Iowa, and the secretary shall prepare and mail copies thereof to the respondent, the chairman of the committee, attorneys of record, and to the chairman of the commission if sitting as a whole, or to the president of a division thereof to whom such complaint has been referred; provided, however, that on and after the day fixed for hearing any such papers may be filed in duplicate with the chairman of the commission or the president of the division, as the case may be, who shall notify all parties and attorneys of the filing thereof and a copy shall be filed with the secretary.

13. If prompt written request is filed by or on behalf of any party for a hearing upon any preliminary motion or application filed in connection with a complaint, the chairman of the commission sitting as a whole or the president of the division to whom such complaint has been referred shall by written order fix a time and place of hearing upon such motion or application and shall notify all parties and attorneys. After such hearing or if none is requested, such chairman or president of a division as the case may be, or any member of the commission or division designated by such chairman or president, shall file his written ruling upon such motion or application and thereafter all parties shall promptly comply with the terms and conditions thereof.

14. The respondent may challenge the impartiality of any member of the commission or division by motion setting forth the grounds therefor and filed within the time allowed for filing answer to the complaint. Said motion shall be disposed of as provided in rule 13 and if the challenge is sustained the vacancy thus created shall be filled as provided in rule 17.

15. At the time and place fixed for the hearing upon any complaint, the commission or division thereof shall proceed to hear the evidence, briefs of authorities and arguments in connection therewith. The hearing shall be private unless a written request for a public hearing is filed by the respondent. All witnesses shall be sworn by a person authorized by law to administer oaths or any member of the grievance commission and their testimony shall be taken in writing by a duly qualified reporter. The rules governing procedures and the order and admissibility of evidence in causes tried in district court without a jury shall be adhered to as nearly as practicable. All questions of procedure, including objections to evidence, shall be determined by the chairman of the commission or president of the division, as the case may be.

16. At the conclusion of a hearing upon any complaint against an attorney before such commissioners, the commissioners are empowered to dismiss such complaint or to reprimand the accused, and in the event of such reprimand, the commissioners shall promptly file their report of such action with the clerk of the supreme court, or if

action by the supreme court of suspension or revocation of the license of such attorney to practice in the courts of this state is recommended, the commissioners shall make a report to the supreme court of their recommendations and conclusions of fact and law concerning the complaint, answer and proof within a reasonable time of the date of the last responsive brief and argument and thereupon such matters shall stand for hearing and disposition in the supreme court. Any member of the commission has the right to file with the supreme court his or her dissent from the majority determination or report.

The secretary shall cause a copy of any such report to be served on the respondent in the manner prescribed by rule 353 of the Iowa rules of civil procedure except that such service and proof thereof may be made by the secretary or by an attorney in the case or his clerk. Such report and recommendation of the commissioners shall be filed with the supreme court, together with proof of service of a copy thereof upon the respondent, and entered on the docket, entitled in the name of the respondent in the matter, as provided by rule 353 of the Iowa rules of civil procedure, and the respondent therein shall have twenty days from the date of such filing to file exceptions thereto, and shall, within sixty days after the filing of such exceptions, file with the supreme court the pleadings, the transcript and exhibits. The secretary, upon request of the respondent and payment of the actual cost thereof, shall certify to the supreme court the pleadings, transcript and exhibits. Within thirty days after the filing of such certified pleadings, transcript and exhibits, the respondent shall file his printed brief.

If the charges are dismissed by the commissioners, no publicity shall be given to any of the proceedings except at the request of the respondent. All reports and recommendations of the commissioners shall be concurred in by at least three members of the division or at least twelve members of the commission as the case may be, all of whom shall have been present throughout the proceedings.

17. In case of the absence or inability of the chairman and vice chairman of the commission sitting as a whole to perform any of the duties provided for herein, said commission may designate some other member to perform such duties as acting chairman. In case of the absence or inability of the president of a division to perform any of the duties provided for herein, said division may designate some other member thereof as acting president to perform such duties. If a vacancy occur in any division from any cause, the same shall be filled by the chairman, vice chairman or acting chairman of the commission.

18. No omission, irregularity or other defect in procedure shall render void or ineffective any act of the commission or a division or any member thereof unless substantial prejudice is shown to have resulted therefrom.

BEFORE THE GRIEVANCE COMMISION OF
THE SUPREME COURT OF IOWA

| | | |
|---|---|---|
| Committee on Professional Ethics and Conduct of The Iowa State Bar Association, | ) ) ) ) | NOTICE OF COMPLAINT |
| Complainant, | ) ) | |
| vs. | ) ) | |
| John Doe, Attorney at Law, Of _____ , Iowa, | ) ) ) | |
| Respondent. | ) | |

To John Doe,
Respondent above named:
You are hereby notified that there is now on file with the Secretary of the Grievance Commission of the Supreme Court of Iowa at his office at 1101 Fleming Building in the City of

Des Moines, Iowa, a complaint alleging that you have committed unethical practices as an attorney and counselor at law as described therein.

A copy of said complaint, a copy of Court Rule 118, and a copy of the rules of said commission relating to hearing said complaint are attached hereto and made a part of this notice.

You are further notified to file your written answer to said complaint within fifteen days from the completed service of this notice and to abide by the further orders of said commission made in accordance with said rules.

You are further notified that you may forthwith select an attorney to represent you in connection with said complaint or make application to the Chief Justice of the Supreme Court for the appointment of an attorney to represent you in said matter.

You are further notified that said commission will hear said complaint in accordance with said rules and will take such action thereon as may be warranted by the facts and circumstances disclosed at the hearing thereon.

Dated this _____ day of _____ , 197_____ .

Secretary of the Grievance Commission
1101 Fleming Building
Des Moines, Iowa 50309

Rules of Procedure

## PROFESSIONAL ETHICS AND CONDUCT COMMITTEE

of The Iowa State Bar Association

[Adopted by Supreme Court order December 12, 1974]

**1.1 Complaints.** Complaint forms shall be available to the public from the secretary of the Iowa state bar association or the chairman of the committee.

**1.2 Filing.** Complaints shall be accepted from any person, firm or other entity believing that an Iowa lawyer has been guilty of a disciplinary infraction.

*a.* Complaint must be sworn to, except when filed by a judge of a court of record.

*b.* Complaints shall include whatever exhibits complainant desires to submit.

*c.* They shall be filed, without charge, with the secretary of the Iowa state bar association.

*d.* The committee may, upon its own motion, initiate any investigation or disciplinary action.

**2.1 Secretary's procedure.** Upon receiving a complaint in proper form as provided in section 1 hereof, the secretary of the Iowa state bar association shall:

*a.* Make a card record indicating the date filed, name and address of complainant, name and address of respondent lawyer, with a brief statement of the charges made. This card ultimately also shall show the final disposition of the matter when it is completed.

*b.* Forward the original and a duplicate for each lawyer charged in such complaint to the chairman of the committee.

*c.* The secretary shall keep all files in permanent form and confidential, unless otherwise provided or directed in writing by the chairman of the committee for disciplinary purposes or by a specific rule of the supreme court of Iowa; provided, however, that all such files shall be available for examination and for reproduction therefrom, by the designated officer or agent of the client security and attorney disciplinary commission, pursuant to proceedings under supreme court rule 121.

*d.* Any such files shall be open to the inspection of the lawyer complained against.

**3.1 Committee procedure.** Upon receipt of any complaint the chairman of the committee shall notify the complainant in writing that the complaint has been received and will be acted upon.

**3.2** The chairman shall forward to the respondent by restricted, certified mail, marked "Confidential", a copy of the complaint, requesting a written response there-

■■■■■■■■

to, and copies of the committee rules and of supreme court rule 118.

3.3 If after thirty days, no such response from respondent has been received, he shall be notified by restricted certified mail that unless he responds thereto within ten days from receipt of notice, complaint may be filed with the grievance commission for failure so to respond, and concerning all or any portion of the matter about which complaint was made, and the committee shall proceed therewith thereafter, if no response is received.

3.4 Upon receipt of response the committee shall:

a. Dismiss the complaint, and so notify complainant and respondent in writing, or

b. Cause the case to be docketed for consideration of the committee at its next hearing-meeting, or

c. Arrange for investigation of the complaint either by a member of the young lawyers section of the Iowa state bar association, the committee counsel or another person, whichever in the judgment of the chairman is appropriate.

3.5 When the report and recommendation of investigator is returned to the committee, which shall be within a reasonable time, the committee shall:

a. Dismsis the complaint, and so notify complainant and respondent, or

b. Cause the case to be docketed for consideration of the committee at its next hearing-meeting.

3.6 If either witnesses or the respondent or complainant or any of them is required to give testimony before the committee, such person or persons shall be given at least seven days' written notice in advance of the hearing-meeting at which they are requested to attend and testify.

**4.1 Hearing-meeting.** Hearing-meetings shall be held quarterly, as nearly as possible. A majority of the committee shall constitute a quorum. The chairman or his designate shall see to the preparation of a record of such meetings which shall become a part of the permanent files of the Iowa

state bar association. Any evidence taken shall be under oath and may be made of record. Upon completion of the consideration of any matter before the committee, the members, by majority vote of those present shall:

4.2 Continue the matter if necessary for appropriate reasons or purposes, or

4.3 Dismiss the complaint, or

4.4 Admonish the lawyer or lawyers concerned, or

4.5 Reprimand the lawyer or lawyers involved, or

4.6 File complaint before the grievance commission of the supreme court of Iowa, as complainant, and, thereafter shall:

4.7 In cases of dismissal, so notify complainant and respondent.

4.8 In cases of admonition, notify complainant that "appropriate action has been taken".

4.9 In cases where complaint is filed before the grievance commission, prosecute said complaint to final determination.