Roy WILLIAMS, Appellant,

v.

Mary Ann WILLIAMS (formerly Walker), Individually and in the official capacity as Lawrence County Welfare Department case worker, et al., Appellees.

No. 75–1866.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1976.

Decided March 31, 1976.

Roy Williams, filed brief pro se.

John C. Danforth, Atty. Gen., and Louren R. Wood, Asst. Atty. Gen., Jefferson City, Mo., filed brief, for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Roy Williams appeals from the dismissal of his § 1983 complaint. The complaint, filed October 9, 1975, can be summarized as follows:

Williams is a prisoner at the Missouri State Penitentiary in Jefferson City, Missouri. At all times material to this suit, he was imprisoned in either Missouri or Oklahoma. Appellee William Pinnell is Juvenile Judge of Lawrence County, Missouri; appellee Bill Hemphill is the county juvenile officer; appellee Mary Ann Williams (formerly Walker) is a case worker for the county welfare department.

Appellant is the father of three children. Sometime between 1972 and the present, adoption proceedings for the three children were held in the Lawrence County Juvenile Court, as a result of which appellant's legal relationship with his children was severed. Appellant maintains that these proceedings were conducted without any notice to him, and so caused him cruel and unusual punishment and denied him due process of law and the equal protection of the laws.

Appellant prayed for one million dollars in damages from each defendant. He also sought a declaratory judgment, and an injunction against the enforcement of the adoption decree.

On October 24, the district court denied appellant's motion to proceed in forma pauperis, and dismissed the complaint. He found that Judge Pinnell was immune from suit, and that no claim for relief was stated against appellees Mary Ann Williams and Hemphill. We affirm.

As to appellees Williams and Hemphill, no claim for relief is stated. The only wrong alleged in the complaint is the absence of notice prior to the adoption of appellant's children. There is no showing that these nonjudicial public employees were under any duty to provide such notice. There is thus no state of facts under which appellant could have relief against them. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1959).

The claim for damages against Judge Pinnell is barred by the doctrine of judicial immunity. As juvenile judge, he has jurisdiction to enter decrees of adoption. Rev.Stat.Mo. § 453.010. If the granting of this adoption decree was in error, which we do not decide, it resulted from an error in the exercise of this jurisdiction. No "clear absence of all jurisdic-

tion" has been shown. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Duba v. McIntyre*, 501 F.2d 590, 592 (8th Cir. 1974). The prayer for damages therefore must fail.

The application for declaratory and injunctive relief is barred by the comity principles of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Huffmann v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).[1] To grant the relief sought would nullify the decree of a Missouri court. This decree relates to an area, domestic relations, which has traditionally been the province of the states. *See Harris v. Turner*, 329 F.2d 918, 923 (6th Cir. 1964). To nullify the decree prior to the exhaustion of Missouri collateral remedies[2] would prevent the state from performing "the separate function of providing a forum competent to vindicate any constitutional objections interposed against [its] policies." *Huffmann v. Pursue, Ltd., supra*, 420 U.S. at 604, 95 S.Ct. at 1208, 43 L.Ed.2d at 492.

No claim for relief is stated against appellees Hemphill and Williams. Judge Pinnell is immune from the suit for damages, and declaratory and injunctive relief against him are barred by principles of comity.

Appellant has therefore failed to state a claim for relief against any appellee, and the order of dismissal is affirmed.

---

1. We intimate no conclusion on the question whether injunctive and declaratory relief is barred also by the doctrine of judicial immunity. *See Bonner v. Circuit Court*, 526 F.2d 1331, 1334–35 (8th Cir. 1975).

2. An unlawful adoption proceeding can be collaterally attacked in the Missouri courts. *In Re Adams*, 237 S.W.2d 232 (Mo.App.1951); *see In Re McDuffee*, 352 S.W.2d 23, 26 (Mo.1961).