Dwight W. KELSEY, Appellant,

v.

Patrick FITZGERALD, Judge of District Court, Fourth Judicial District, County of Hennepin, State of Minnesota, as an Individual as well as in his official capacity and his agents and employees, Appellee.

No. 78–1009.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1978.

Decided April 20, 1978.

Dwight W. Kelsey, pro se.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., and Kent G. Harbison, Sp. Asst. Atty. Gen., St. Paul, Minn., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

■ Dwight W. Kelsey filed this action in the United States District Court for the District of Minnesota against Patrick Fitzgerald, Judge of Hennepin County District, in the state of Minnesota. The complaint, lodged under 42 U.S.C. § 1983, alleged that Judge Fitzgerald's summary denial of the successive petition for post-conviction relief filed by Kelsey in state court was violative of Kelsey's constitutional right to habeas corpus. Kelsey sought declaratory and injunctive relief, and damages. The district court[1] dismissed the complaint for failure to state a claim upon which relief could be granted. We affirm.

The governing principle of law concerning the scope of a judge's immunity from damages liability was established more than a century ago in *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872). There the Supreme Court stated that it was "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher, supra,* 80 U.S. (13

Wall.) at 347. In *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court held that the doctrine of judicial immunity was applicable in suits under 42 U.S.C. § 1983. This principle of judicial immunity was recently reexamined and reaffirmed by the Supreme Court in *Stump v. Sparkman,* —— U.S. ——, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Just as in *Stump,* it is apparent here that the Minnesota law vested in Judge Fitzgerald the power to entertain and act upon Kelsey's petition. Judge Fitzgerald is therefore immune from damages liability under 42 U.S.C. § 1983. The complaint, insofar as it sought damages, was properly dismissed.

■ Kelsey's request for declaratory or injunctive relief was also properly dismissed. To state a claim under 42 U.S.C. § 1983, one must allege facts which, if taken as true, would support a finding that the party seeking relief was deprived of a right guaranteed by the Constitution or laws of the United States. Kelsey's requests for declaratory and injunctive relief were based on his assertion that the provision of the Minnesota Post Conviction Remedy Act, Minn.Stat.Ann. § 590.04, which empowers a state court judge to summarily dismiss a state prisoner's second or successive petition for habeas corpus, denied Kelsey his constitutional right to habeas corpus. This claim is clearly frivolous. The federal Constitution does not require that a state afford a state prisoner unlimited habeas corpus or post-conviction relief proceedings. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Only the right to petition the federal courts for habeas corpus and the right of the federal courts to grant a petition for habeas corpus are guaranteed by the Constitution. *Preiser v. Rodriguez,* 411 U.S. 475, 484–85, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Fay v. Noia, supra,* 372 U.S. at 409–15, 83 S.Ct. 822. The denial of Kelsey's petition did not deprive him of a right guaranteed by the Constitu-

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

tion or laws of the United States. Therefore, insofar as he sought declaratory or injunctive relief, his complaint failed to state a claim upon which relief could be granted.

The dismissal by the district court is affirmed.