623 F.2d 1282
 Favis Clay MARTIN, Appellant,
v.
Lester A. AUBUCHON, Individually and in his official
capacity as a private citizen of America; Celina C.
Aubuchon, Individually and in her official capacity as a
private citizen of America; Mary Beth Blackwell,
Individually and in her official capacity as a Child Welfare
Officer of Potter County, Texas; Tom Curtis, Individually
and in his official capacity as the District Attorney of
Potter County, Texas; Don M. Dean, Individually and in his
official capacity as Former Judge and private citizen of
Potter County, Texas; Gary M. Gaertner, Individually and in
his official capacity as Judge of the Circuit Court of Saint
Louis, Missouri; Joseph J. Simeone, Individually and in his
official capacity as Chief Judge of the Missouri Court of
Appeals. Appellees.
 No. 79-1596.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 14, 1980.
Decided June 19, 1980.
Rehearing Denied July 23, 1980.
 
 Timothy F. Devereux, St. Louis, Mo., for appellant.
 Mark I. Bronson, Newman & Bronson, St. Louis, Mo., for appellees, Aubuchon, et al.
 Stephen G. Nagle, Asst. Atty. Gen., of Tex., Austin, Tex., argued, for remainder of appellees; are Mark White, Atty. Gen. of Tex., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., W. Barton Boling, Asst. Atty. Gen., Chief, Enforcement Division, Austin, Tex., on brief for Don M. Dean.
 Jack L. Koehr, City Counselor, and John J. Fitzgibbon, Associate City Counselor, St. Louis, Mo., for appellees, Gaertner, et al.
 Before LAY, Chief Judge, BRIGHT and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Favis Clay Martin appeals the dismissal of his pro se civil rights suit filed pursuant to 42 U.S.C. § 1983.[1] We affirm.
 
 
 2
 According to the complaint,[2] Martin was arrested in Potter County, Texas on February 21, 1970, for the murder of his former wife, June Etta Martin. The same day, Mary Beth Blackwell, a child welfare worker, filed a dependency and neglect petition in Potter County Court, requesting that court to award temporary custody of Martin's two year old son, Michael Henry Clay Martin, to the Potter County Child Welfare Unit, and to enter judgment declaring Michael dependent and neglected. Favis Martin was present at a hearing held on the petition in October 1970 before defendant Dean, who at that time was a judge of the 181st Judicial District Court in Potter County, Texas. On November 13, 1970, Judge Dean entered an order declaring Michael a dependent child, terminating Favis Martin's parental rights, and awarding custody to intervenors in the Potter County action, Lester and Celina Aubuchon, of St. Louis, Missouri.[3]
 
 
 3
 Upon the request of the Aubuchons, Judge Dean entered an order in December 1971 consenting to the adoption of Michael by Lester and Celina Aubuchon. On February 25, 1972, a decree of adoption was entered in the circuit court for St. Louis, Missouri granting the Aubuchons' petition for adoption. Michael's name was changed to Michael Henry Aubuchon.
 
 
 4
 Favis Martin filed a pro se "Bill for Review" in November 1974 in the St. Louis Circuit Court, challenging the validity of the adoption. He contended, inter alia, that the notice and hearing granted him in the termination proceeding in Texas were deficient and thus deprived him of due process of law. Judge Gary M. Gaertner rejected Martin's contentions. He held that the orders of the Potter County Court terminating parental rights and consenting to the adoption were entitled to full faith and credit. After reviewing the adoption proceeding he sustained its validity. In denying Martin's bill, he relied in part upon Mo.Rev.Stat. § 453.140 (1969) which prohibits collateral or direct attack upon the validity of a Missouri adoption "for irregularities" in the proceedings after the expiration of one year following entry of the adoption order. Martin's appeal to the Missouri Court of Appeals was dismissed in 1978, on the ground that his brief, prepared by counsel representing him in the appeal, was fatally defective because it failed to make specific allegations of error as required by the rules of the court. His motion to set aside the dismissal was denied.
 
 
 5
 In the instant civil rights suit, filed February 12, 1979, Martin sought damages and equitable relief, to wit, an order vacating the Texas and Missouri judgments, and awarding custody of Michael to Michael's sister, Jean Ellen Martin Bodner. Martin contended the Aubuchons, Blackwell, Judge Dean, and Potter County District Attorney Tom Curtis deprived him of due process of law in violation of the fourteenth amendment because he was not given adequate notice of the termination hearing or advised of his right to obtain counsel. He claimed Judge Gaertner deprived him of due process by giving full faith and credit to an invalid Texas decree in the Missouri adoption proceeding, and that Judge Simeone of the Missouri Court of Appeals deprived him of due process by dismissing his appeal for failure to comply with the local rules.
 
 
 6
 The district court granted the defendants' individual motions to dismiss. It held: (1) Martin's claims against Judges Dean, Gaertner and Simeone, and District Attorney Curtis were barred by official immunity; (2) the claim against the Aubuchons was barred by the Texas statute of limitations; and (3) the claim that Blackwell conspired with the other defendants to deprive him of due process of law in the Texas proceeding was rendered insufficient as a matter of law by the dismissals of the other defendants.
 
 
 7
 On appeal Martin challenges the dismissals, contending inter alia: (1) Official immunity is inapplicable; (2) his imprisonment tolls the Texas statute of limitations applicable to civil rights actions;[4] and (3) the district court erred in failing to appoint counsel, and to advise him of proper pleading procedures.
 
 
 8
 Damages.
 
 
 9
 We affirm the dismissals as to Judges Dean, Gaertner, Simeone, and District Attorney Curtis on the grounds of official immunity insofar as Martin requests damages. Since there is no clear absence of jurisdiction shown, and the acts complained of are judicial acts, the damages claim against the judicial defendants is barred by the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); White v. Bloom, 621 F.2d 276, 279 (8th Cir. 1980); Kelsey v. Fitzgerald, 574 F.2d 443, 444 (8th Cir. 1978); Williams v. Williams, 532 F.2d 120 (8th Cir. 1976). Martin's claim for damages against District Attorney Curtis is likewise barred by official immunity because the acts complained of, such as initiating dependency proceedings, occurred as part of the initiation and prosecution of the state's case. See White v. Bloom, 621 F.2d at 280.
 
 
 10
 We also affirm the dismissal as to the Aubuchons, but for different reasons than those relied upon by the district court. The only wrongs complained of concerning the Aubuchons are the alleged lack of notice prior to the Texas proceeding and the alleged failure to advise Martin of his right to counsel. There is no showing these nonjudicial persons were under any duty to provide notice or advise Martin of his legal rights. Moreover, the complaint contains no factual allegations connecting the Aubuchons with state action so as to satisfy the "color of state law" requirement of section 1983. Thus, dismissal was proper because there are no facts under which relief against the Aubuchons could have been granted. See Williams v. Williams, 532 F.2d at 121.
 
 
 11
 Martin's claim that Blackwell is responsible for the alleged deprivation of due process in the termination hearing also fails for the reason that there is no showing she had a duty to provide notice and advice of legal rights. Insofar as Martin contends Blackwell conspired with District Attorney Curtis, his allegations are insufficient to state a claim because they are purely conclusory. Although we view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law. See Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976); Ellingburg v. King, 490 F.2d 1270 (8th Cir. 1974).[5]
 
 
 12
 Equitable Relief.
 
 
 13
 Martin requests this court to vacate the Missouri adoption decree and the Texas termination order. Although there is some indication that the notice of the termination hearing may not have met the due process standards set forth in Alsager v. District Court, 406 F.Supp. 10, 24-25 (S.D.Iowa 1975), aff'd, 545 F.2d 1137 (8th Cir. 1976), equitable relief is unwarranted in view of a Missouri statute which does not permit attack upon the validity of a Missouri adoption based upon irregularities in the adoption proceeding after a period of one year.[6] The applicable statute provides:
 
 
 14
 After the expiration of one year from the date of entry of the decree of adoption, the validity thereof shall not be subject to attack in any proceedings, collateral or direct, by reason of any irregularity in proceedings had pursuant to this chapter.
 
 
 15
 Mo.Ann.Stat. § 453.140 (1977) (Vernon).
 
 
 16
 Although Martin's allegation regarding procedural due process violations in the Texas proceeding might, if true, have been grounds for the Missouri court to reject the adoption petition,[7] an erroneous determination that the Texas decree terminating parental rights was entitled to full faith and credit, is not more than an "irregularity" within the meaning of the statute.
 
 
 17
 While a judicial determination of some particular fact, . . . may be essential to the exercise of jurisdiction to enter the order of adoption, this does not make it essential to the jurisdictional validity of the decree that the fact be determined upon proper evidence, or necessarily in accordance with the truth; a mere error cannot affect the jurisdiction, and the determination must stand until reversed on appeal, and hence cannot be collaterally attacked. If this were not the rule, the status of adopted children would always be uncertain, . . . .
 
 
 18
 In re Kerr, 547 S.W.2d 837, 840-41 (Mo.App.1977), quoting with approval, 2 Am.Jur.2d Adoption § 75 (1962).
 
 
 19
 Therefore, the presumption of validity provided by the statute operates to bar the equitable relief Martin's complaint requests.[8]
 
 
 20
 We have reviewed Martin's other contentions and find them to be without merit.
 
 
 21
 The dismissal is affirmed.
 
 
 
 [1]
 Martin is represented by appointed counsel on appeal
 
 
 [2]
 In reviewing the dismissal, we accept as true the factual allegations of the complaint. See Inland Oil & Transport Co. v. Adams, 575 F.2d 184, 187 (8th Cir.), cert. denied, 439 U.S. 863, 99 S.Ct. 186, 58 L.Ed.2d 173 (1978)
 
 
 [3]
 In the termination hearing, Celina Aubuchon testified that she is the sister of Michael's deceased mother, June Etta Martin
 
 
 [4]
 Counsels' oral argument before this court centered around the propriety of importing state tolling provisions as well as state statutes of limitation in civil rights actions, where the legal disability claimed is imprisonment. See Miller v. Smith, 615 F.2d 1037, (5th Cir., 1980); cf. Board of Regents v. Tomanio, --- U.S. ----, 100 S.Ct. 1790, 64 L.Ed.2d ---- (May 19, 1980). Since our affirmance rests upon other grounds, we need not reach this issue
 
 
 [5]
 The district court granted Blackwell's motion to dismiss on the ground that because she was alleged to have conspired with a state official who was entitled to immunity, she could not be held liable since the alleged conspiracy was with a person acting under color of law against whom Martin could not state a valid section 1983 claim, relying upon Guedry v. Ford, 431 F.2d 660 (5th Cir. 1970). We note that Guedry has since been overruled by the Fifth Circuit in Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir. 1979), cert. granted sub nom., Dennis v. Sparks, --- U.S. ----, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980)
 
 
 [6]
 This action was brought in 1979, nearly seven years after entry of the adoption degree, and more than four years after Martin claims he first learned of the adoption
 
 
 [7]
 Mo.Ann.Stat. § 453.080 (1977) (Vernon) provides a court may enter an adoption decree if, after due hearing, the court is satisfied the child sought to be adopted has been in the lawful custody of the petitioners
 
 
 [8]
 This court rejected a challenge to an adoption under similar circumstances in Syrovatka v. Erlich, 608 F.2d 307 (8th Cir. 1979). In that case, the natural parents sought custody of their children by application for writ of habeas corpus in 1972, on the grounds that the 1967 termination of their parental rights was invalid because they received inadequate notice of the termination hearing in violation of the fourteenth amendment. They alleged that the subsequent adoption in 1968 was therefore invalid. This court acknowledged that there was evidence the notice in the termination hearing did not adhere to due process standards, but nevertheless affirmed the dismissal on the ground that the challenge was barred by Neb.Rev.Stat. § 43-116 (Reissue 1978), which requires challenges to adoptions based upon irregularities in the proceedings to be brought within two years. Id. at 310-11