Melvin D. BIRCH, Appellant,

v.

Honorable Earl J. MAZANDER, Municipal Judge of the City of Hot Springs, and J. Harold Smith, City Clerk of the City of Hot Springs, Appellees.

Q. Byrum Hurst, Jr.

No. 81–1992.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1982.

Decided May 20, 1982.

Laser, Sharp, Haley, Young & Huckabay, P. A., Alvin Laser, Little Rock, Ark., for appellee, Earl J. Mazander.

Louis Gilden, St. Louis, Mo., Kaplan, Brewer & Bilheimer, P. A., Little Rock, Ark., for appellant.

Before BRIGHT, HENLEY and GIBSON, Circuit Judges.

HENLEY, Circuit Judge.

Plaintiff-appellant Melvin D. Birch, a Missouri resident, appeals the granting of

summary judgment to defendant Honorable Earl J. Mazander, a municipal judge in Hot Springs, Arkansas, in this action based on alleged violations of 42 U.S.C. §§ 1983 and 1985. We affirm the judgment of the district court.[1]

On September 26, 1978, appellant was arrested in Hot Springs and charged with driving while under the influence of alcohol and destruction of private property. K. P. Cain, a Hot Springs resident and a friend of appellant's brother, was requested by appellant to post bond and to pay the property damages with the understanding that appellant would reimburse him. Affidavits of Cain and appellant's brother indicate that Cain was also asked to pay any fines, but there is a dispute as to whether appellant specifically authorized Cain to plead guilty on his behalf.[2] Pursuant to this conversation, Cain contacted Judge Mazander to discuss the charges against appellant, and informed the judge that appellant wished to waive his appearance and plead guilty. Judge Mazander subsequently appointed defendant Q. Byrum Hurst, Jr. to represent appellant, accepted the entry of a guilty plea by Hurst on appellant's behalf, and assessed a $75.00 fine.[3] Upon a showing that all property damages had been paid, the charge of destruction of private property was dismissed. It is undisputed that neither Judge Mazander nor Hurst had any direct contact with appellant.

Appellant asserts that he had no knowledge of the proceedings against him until he received notice in January, 1979 that his driving privileges had been suspended.[4] He filed the present action, which was later supplemented and amended, on April 25, 1980 against Judge Mazander, Hurst and J. Harold Smith, the court clerk, seeking declaratory and injunctive relief, and damages, based on alleged violations of § 1983 and § 1985, and, with respect to Hurst, malpractice. The district court granted summary judgment in favor of Judge Mazander and Smith on the ground of judicial immunity,[5] and certified the order as a final judgment pursuant to Fed.R.Civ.P. 54(b) to allow this interlocutory appeal.

Although the district court interpreted the doctrine of judicial immunity as applicable to both legal and equitable claims, we will address these issues separately. It is established that a judge is immune from liability for damages if he had jurisdiction over the subject matter and if the acts complained of were judicial acts. *White v. Bloom*, 621 F.2d 276, 279 (8th Cir.), *cert. denied*, 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980), *reh. denied*, 449 U.S. 1089, 101 S.Ct. 882, 66 L.Ed.2d 816 (1981). *See Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 559, 87 S.Ct. 1213, 1220, 18 L.Ed.2d 288 (1967). It is undisputed that Judge Mazander has jurisdiction over DWI cases, and appellant does not deny that he was properly arrested and charged. Appellant contends, however, that the judge was not acting in his judicial capacity when, on the basis of the conversation with Cain, he appointed Hurst and

---

1. The Honorable Oren Harris, United States Senior District Judge, Eastern and Western Districts of Arkansas.

2. Cain stated in his affidavit that "Melvin Birch told me to have a guilty plea entered for him and to pay the fine and the bills and let them get out of town." In addition, appellant's brother stated that he heard appellant tell Cain "to pay the fine or whatever was necessary to get it taken care of." Appellant denied that Cain was authorized to plead guilty on his behalf.

3. Judge Mazander commonly used this procedure as a pragmatic means of disposing of the large number of traffic charges against tourists visiting Hot Springs. There is no indication in the record that on any other occasion a guilty plea was entered without the knowledge and consent of the person charged.

4. Although appellant might not have received notice that a guilty plea had been entered, he did have the opportunity to appear in court on October 3, 1978, the date designated on his ticket. The guilty plea was entered on or about October 27.

5. Hurst's motion for summary judgment was denied on the grounds that he was not protected by judicial immunity and that the complaint alleged sufficient facts to support appellant's claims of malpractice and violation of § 1985.

directed the entry of a guilty plea without notice to or direct contact with appellant.

■ An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. at 362, 98 S.Ct. at 1107; *White v. Bloom*, 621 F.2d at 279–80. Here, the acts complained of consist of the acceptance of a plea and the appointment of counsel. Clearly, these are functions normally performed by a judge. Furthermore, with or without appellant's full authorization, but nevertheless on his behalf, Cain dealt with Judge Mazander in his judicial capacity. In contrast with the cases cited by appellant, *see, e.g., Lopez v. Vanderwater*, 620 F.2d 1229 (7th Cir.), *cert. denied*, 449 U.S. 1028, 101 S.Ct. 601, 66 L.Ed.2d 491 (1980); *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980), *cert. denied*, 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981); *Harper v. Merckle*, 638 F.2d 848 (5th Cir.), *cert. denied*, 454 U.S. 816, 102 S.Ct. 93, 70 L.Ed.2d 85 (1981); *Zarcone v. Perry*, 572 F.2d 52 (2d Cir. 1978), there is no indication that Judge Mazander had any personal involvement with appellant's arrest or the filing of charges, or that he coerced Cain, as appellant's representative, to agree to a guilty plea, or that he denied appellant an opportunity to appear in court.[6] We conclude that neither the possible commission of procedural errors nor the informality of the proceedings is sufficient to deprive Judge Mazander of immunity with respect to plaintiff's claim for damages. *See Stump v. Sparkman*, 435 U.S. at 359–61, 98 S.Ct. at 1106.

■ We need not determine whether judicial immunity protects Judge Mazander from appellant's equitable claims,[7] because appellant has failed to show that he is enti-

tled to seek equitable relief in this court. It is established that allegations of irreparable harm and lack of an adequate remedy at law are "indispensable prerequisites" to equitable relief. *Bonner v. Circuit Court of City of St. Louis, Missouri*, 526 F.2d 1331, 1335 (8th Cir. 1975). Appellant concedes that no attempt was made to petition Judge Mazander for new trial, to appeal his conviction, or to collaterally attack the judgment in state court. The only evidence of any action taken is appellant's statement that after his driving privileges were suspended, he asked Cain to contact Judge Mazander again, who allegedly told Cain that it was too late to withdraw the guilty plea.[8] However, this allegation by itself does not demonstrate that legal relief was unavailable to appellant.[9] Furthermore, although exhaustion of state remedies is not a prerequisite to a § 1983 claim, *Bonner v. Circuit Court of City of St. Louis, Missouri*, 526 F.2d at 1335, "Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases." *Id.* at 1336. *See Williams v. Williams*, 532 F.2d 120, 122 (8th Cir. 1976).

We find no grounds entitling appellant to equitable relief at this time, and therefore affirm the granting of summary judgment to Judge Mazander with respect to appellant's equitable claims. We do so, however, without prejudice to an attempt by plaintiff to seek appropriate relief in the proper forum.

For the foregoing reasons, the judgment of the district court is affirmed.

---

6. *See* note 4 *supra*.

7. It appears that this question may not have been definitively answered by the Supreme Court or in this circuit. *See Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 735–36, 735 n.13, 100 S.Ct. 1967, 1976 n.13, 64 L.Ed.2d 641 (1979); *Bonner v. Circuit Court of City of St. Louis, Missouri*, 526 F.2d 1331, 1334–35 (8th Cir. 1975); *Rapp v. Committee on Professional Eth-*

*ics and Conduct of Iowa State Bar Ass'n*, 504 F.Supp. 1092 (S.D.Iowa 1980).

8. Judge Mazander stated that he did not recall this conversation.

9. Nor has appellant alleged or demonstrated irreparable harm. We note that it was disclosed in oral argument that his driving privileges have been restored.