**Joseph H. GUERIN, Plaintiff,**

v.

**Rollin RILEY, Edmund Webster, Steven Z. Kleiner, Dennis Flukey, Murray Talasnik, Defendants.**

**Civ. A. No. 82–650.**

United States District Court,
D. New Jersey.

Oct. 31, 1983.

Joseph Guerin, pro se.

Jacqueline M. Sharkey, Deputy Atty. Gen., Trenton, N.J., for defendant, The Honorable Steven Z. Kleiner, C.A.J., Cumberland County.

## OPINION

GERRY, District Judge.

This action was brought by Joseph H. Guerin, pro se, for alleged violations of his civil rights under 42 U.S.C. § 1983. Plaintiff is seeking, *inter alia,* a declaratory judgment against defendant State of New Jersey Judge Steven Z. Kleiner. Plaintiff maintains that Judge Kleiner conspired with other defendants to summarily commit him to the Trenton Psychiatric Hospital and to deny him "the rights of self-representation."

This case is before the court on defendant Kleiner's motion for summary judgment. He relies solely on the doctrine of judicial immunity to support his motion and does not contest plaintiff's factual allegations.

The issue with which the court is presented is whether a judicial officer is immune from a suit for declaratory relief for judicial actions allegedly in violation of § 1983. For the reasons stated below, the court finds that such immunity is not available to state judges.

Although the Court of Appeals for the Third Circuit has not ruled upon this issue of judicial immunity, *Conover v. Montemuro,* 477 F.2d 1073, 1093 (3rd Cir.1973) (*en banc*), many courts which have considered it have held that such immunity is not available. *In Re Justices of Supreme Court of Puerto Rico,* 695 F.2d 17, 25–26 (1st Cir.1982); *Heimbach v. Village of Lyons,* 597 F.2d 344, 347 (2d Cir.1979) (*per curiam*); *Timmerman v. Brown,* 528 F.2d 811, 814 (4th Cir.1975); *Slavin v. Curry,* 574 F.2d 1256, 1264 (5th Cir.1978); *Hansen v. Ahlgrimm,* 520 F.2d 768, 769 (7th Cir. 1975); *Shipp v. Todd,* 568 F.2d 133, 134 (9th Cir.1978) (*per curiam*); *Adams v. Supreme Court of Pennsylvania,* 502 F.Supp. 1282 (E.D.Pa.1980); and *Santiago v. City of Philadelphia,* 435 F.Supp. 136 (E.D.Pa.1977). *See also Kelsey v. Fitzgerald,* 574 F.2d 443, 444 (8th Cir.1978) and *Briggs v. Goodwin,* 569 F.2d 10, 15, n. 4 (D.C.Cir.1977) (*dictum*), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978). These cases, as well as Judge Gibbons comprehensive concurring opinion in *Conover,* 477 F.2d at 1096–1104, provide strong authority for this position.

In addition, in *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), although the Supreme Court did not reach this issue, it included a rather lengthy footnote in which it took great pains to make clear that it had not suggested in any cases that had come before it that judges were absolutely immune from suit in their judicial capacities. 446 U.S. 735–36, n. 14, 100 S.Ct. at 1976–77, n. 14. In fact, Justice White cited cases in which injunctive relief against state judges had been granted where the immunity issue had not been raised.

Finally, the decision not to extend immunity to judges from suits for equitable relief is supported by the reasoning which underlies the principles of judicial immunity. As the court noted in *Adams v. Supreme Court of Pennsylvania,* 502 F.Supp. at 1286:

> The immunity is based on the conclusion that judicial officers must be free to perform their responsibilities without the fear of adverse 'personal consequences.' *Stump v. Sparkman,* 435 U.S. [349] at 355–56 [98 S.Ct. 1099 at 1104–05, 55 L.Ed.2d 331]. *See also Dennis v. Sparks,* [449] U.S. [24] [101 S.Ct. 183, 66 L.Ed.2d 185] (1980). Yet prospective relief in the form of declaratory judgment or an injunction does not visit 'personal consequences' upon the defendant. On the contrary, it only affects an individual in the conduct of his or her official duties. Thus, an extension of the judicial immunity to the field of prospective relief would not serve the purpose for which the defense was created.

Furthermore, "[e]xposure in equity poses no more danger to the independence and impartiality of judicial decision-making than does the possibility of reversal." P. Roth and K. Hagan, "Tracing The Judicial Immunity Doctrine: A View From Kingly Times To The Present," presented at the Annual Meeting of the Judicial Administrative Division—ABA on July 30, 1983.

Accordingly, defendant's motion is denied. The accompanying order will be entered.