Herman Lee STAPLES, Plaintiff,

v.

Yvonne EDWARDS, Defendant.

No. 83–2944C(2).

United States District Court,
E.D. Missouri, E.D.

June 12, 1984.

Herman Lee Staples, pro se.

Michael E. Hughes, Associate City Counselor, St. Louis, Mo., for defendant.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on defendant's motion to dismiss or for summary judgment. Defendant has filed a memorandum in support of its motion and plaintiff has filed a "traverse" in opposition thereto.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant, a Pre-trial Release Commissioner of the Circuit Court of the City of St. Louis, acted improperly in failing to order his release from custody after he posted a $10,000 property bond.

Construing plaintiff's complaint in the light most favorable to him, plaintiff alleges that on May 4, 1983, he was released from confinement on a $10,000 property bond for the charges of unauthorized use of a weapon and conspiracy to commit robbery in the second degree. The bond, a copy of which is attached to plaintiff's Motion to Amend Complaint, was executed by defendant. Plaintiff further alleges that he was rearrested on Friday, May 13, 1983, on the same charges. After the May 13 arrest, plaintiff alleges that he spoke with defendant and pointed out to her that she had executed his bond nine days earlier for the same charges and that therefore he was being held illegally. Plaintiff alleges that defendant told him that she remembered that she had prepared his bond application, but that she was not going "to let

you out until Monday [because] I am tired of see[ing] your face and seeing your name on my desk every time I come to work." Plaintiff further alleges that he told defendant that he had to work Saturday morning but that she continued to refuse to release him. Finally, plaintiff alleges that as a result of defendant's actions, he lost his job. Plaintiff seeks damages of $6,000.

Defendant moves to dismiss on the ground that she is entitled to judicial immunity for the actions alleged in plaintiff's complaint. The Court concurs.

It is clearly established that a judge is immune from liability for damages if he had jurisdiction over the subject matter and if the acts complained of were judicial acts. *Birch v. Mazander*, 678 F.2d 754, 755 (8th Cir.1982). *See Stump v. Sparkman*, 435 U.S. 349, 355–64, 98 S.Ct. 1099, 1104–08, 55 L.Ed.2d 331 (1978). An act is a judicial act if it is one normally performed by judges and if the complaining party dealt with the actor in his judicial capacity. *Birch v. Mazander*, 678 F.2d at 756; *Stump v. Sparkman*, 435 U.S. at 362, 98 S.Ct. at 1107. A person may be held liable for a judicial act only if she has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. at 357, 98 S.Ct. at 1105.

The Court finds that defendant's acts were judicial acts in that judges normally determine the conditions for pre-trial release and in that plaintiff dealt with defendant in her judicial capacity as Pre-trial Release Commissioner.[1]

Additionally, the Court finds that defendant's actions were not in the "clear absence of all jurisdiction." In *Stump*, the Supreme Court used the following examples to illustrate the distinction between lack of jurisdiction (no immunity) and excess of jurisdiction (immunity applicable):

"if a probate judge, with jurisdiction over only wills and estates, should try a crimi-

---

**1.** Under Rule 100.11 of the Rules of the Missouri Circuit Court, Twenty-Second Judicial Circuit, Pre-trial Release Commissioners have been delegated by the Circuit Court the judicial authority to set conditions of release or order the release of every person accused of a bailable offense, in accordance with the provisions of Section 544.-455 Mo.Rev.Stat.

nal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of jurisdiction and would be immune."

*Stump v. Sparkman*, 435 U.S. at 357 n. 7, 98 S.Ct. at 1105 n. 7, *citing Bradley v. Fisher*, 13 Wall. (80 U.S.) 335, 352, 20 L.Ed. 646 (1872).

In the present case, defendant clearly had jurisdiction over the subject matter— determining the conditions for pre-trial release of persons accused of bailable offenses. Even if defendant exceeded her authority by not releasing plaintiff on bail, the examples set forth in *Stump* nonetheless dictate that she is immune for her action.