779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SYLVESTER JONES, Plaintiff-Appellant,
v.
J. MARTIN HADICAN, ET AL., Defendants-Appellees.
 85-1013
 United States Court of Appeals, Sixth Circuit.
 10/10/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MARTIN and WELLFORD, Circuit Judges; and WEICK, Senior Circuit Judge.
 This federal prisoner incarcerated in the Federal Correctional Institution at Milan, Michigan appeals from a district court judgment summarily dismissing his complaint filed under multiple civil rights statutes. Presently, plaintiff moves the Court to prohibit the Justice Department from representing the defendant.
 
 
 1
 Seeking injunctive and monetary relief, plaintiff has sued many people who have allegedly conspired to keep him incarcerated in violation of his constitutional rights. The plaintiff was convicted by a jury on June 16, 1976 on a fourteen count indictment charging him with various drug offenses in violation of 21 U.S.C. Secs. 841(a)(1), 843(b) and 846. His judgment of conviction was affirmed on appeal. United States v. Jones, 545 F.2d 1112 (8th Cir. 1976), cert. denied, 429 U.S. 1075 (1977). By his own admission, the plaintiff has also filed many post-conviction petitions under 28 U.S.C. Secs. 2241 and 2255 which were all denied without an evidentiary hearing.
 
 
 2
 In the present action, the plaintiff primarily asserts allegations against the parties involved in his criminal trial. The judge, prosecutors and defense counsel are alleged an effort to construct a case of fabrication and insufficient evidence against the plaintiff. All the federal judges who have addressed his claims regarding his criminal trial are also apparently alleged to be involved in a grand conspiracy to keep him incarcerated in violation of his constitutional rights. Even the county police officers who served writs of execution and garnishment on his personal and real property in order to collect on his $24,000 fine are alleged conspirators.
 
 
 3
 Upon review of the arguments asserted by the plaintiff in his complaint, motion to reconsider filed in the district court, and his appellate brief, this Court concludes that the district court properly dismissed plaintiff's suit under 28 U.S.C. Sec. 1915(d) for being frivolous. See Spruytte v. Walters, 753 F.2d 498, 500-01 (6th Cir. 1985). Plaintiff's suit was properly construed as a Bivens-type action to the extent plaintiff sought relief for deprivation of his federal rights committed by the defendants acting under color of federal and not state law. Zernial v. United States, 714 F.2d 431, 435 (5th Cir. 1983); Ellis v. Blum, 643 F.2d 68, 83 (2d Cir. 1981). As construed against the state defendants, it was properly asserted under 42 U.S.C. Secs. 1983 and 1985. Parratt v. Taylor, 451 U.S. 527, 534 (1981); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). It is also clear that the district court properly applied the decisional law as developed under 42 U.S.C. Sec. 1983 to plaintiff's allegations asserted under Bivens. See Carlson v. Green, 446 U.S. 14, 21-22 (1980); Butz v. Economou, 434 U.S. 478, 498-504 (1978); Winterland Concessions Co. v. Trela, 735 F.2d 257, 262 (7th Cir. 1984); Doe v. District of Columbia, 697 F.2d 1115, 1123 and n. 18 (D.C. Cir. 1983); Ellis v. Blum, supra, 643 F.2d at 84.
 
 
 4
 Under this considerable body of law, it is also clear that plaintiff's suit was properly dismissed for many reasons. Plaintiff was clearly precluded under the doctrine of collateral estoppel from relitigating issues which he raised and which could have been raised in his previous lawsuits. Allen v. McCurry, 449 U.S. 90 (1980) (rules ?? to civil rights suits); Castorr v. Brundage, 674 F.2d 531, 536 (6th ?? 459 U.S. 928 (1982) (issues which could have been litigated are ?? Silverton v. Dept. of Treasury, 644 F.2d 1341, 1346-47 (9th Cir.), cert. ?? U.S. 895 (1981) (rulings on previous habeas petitions bar civil rights suit); ?? 556 F.2d 1143, 1153 (2d Cir.), cert. dismissed, 434 U.S. 944 (1977) (same). ?? the federal judges are immune from suit for damages. King v. Love, ?? 962, 967 (6th Cir. 1985). Plaintiff's bald request for declaratory and injunctive ?? without merit. The federal prosecutors are also immune from suit, ?? v. Pachtman, 424 U.S. 409 (1976), as are the DEA and police officers whom ?? sought to sue for committing perjury at his criminal trial. Priscoe v. LaHue, ?? U.S. 409 (1976). Plaintiff's broad allegations of conspiracy to include everyone who ?? ever been connected with his cases were likewise insufficient to state a valid cause of action. Martin v. Aubuchon, 623 F.2d 1282, 1285-86 (8th Cir. 1980); Place v. Shepherd, 446 F.2d 1239, 1234 (6th Cir. 1971). Plaintiff's court appointed counsel was also not required to raise every issue on appeal requested by the plaintiff. Jones v. Barnes, 463 U.S. 745 (1983). Finally, plaintiff's allegation of deprivation of property without due process asserted against the state police and other state and county entitles likewise failed to state a cause of action as plaintiff has suitable post-deprivation remedies at his disposal under Missouri law. See Parratt v. Taylor, supra; Allen v. City of Kinloch, 763 F.2d 335, 337 (8th Cir. 1985) (Missouri post-deprivation remedies are adequate).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The plaintiff's motion to prohibit is, accordingly, denied and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 6
 WELLFORD, Circuit Judge, concurring.
 
 
 7
 This case is clearly without merit but probably the defendants should have been served and afforded an opportunity to respond to set out the fact that there is no basis for any cause of action asserted by Jones under the circumstances of the case. See Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983).
 
 
 8
 Because I believe it is not necessary under these circumstances to remand the case for further Tingler v. Marshall, supra, proceedings I concur in the disposition herein.