Calvin J. WEBER, Plaintiff,

v.

Jack E. SALYER, Defendant.

No. 4:94 CV 2482 DDN.

United States District Court,
E.D. Missouri,
Eastern Division.

Jan. 11, 1996.

Calvin J. Weber, Arnold, MO, pro se.

Joseph B. Moore, Office of U.S. Attorney, St. Louis, MO, for defendant.

## MEMORANDUM

NOCE, United States Magistrate Judge.

This matter is before the Court upon the defendant's motion to dismiss (Doc. No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. 28 U.S.C. § 636(c)(3).

Plaintiff Calvin J. Weber commenced this action, styling it as an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Defendant is Jack E. Salyer, an administrative law judge with the St. Louis Regional Office of the United States Merit Systems Protection Board, who is sued in his individual capacity.

The basis of plaintiff's allegations concern the events surrounding his removal from employment with the Department of the Army when he lost his security clearance. Plaintiff claims his removal was based on false charges that he had disclosed classified information to the news media. Plaintiff appealed his removal to the Merit Systems Protection Board ("board"), an independent, adjudicatory federal agency that hears and decides appeals of certain personnel actions filed by federal employees. Defendant Salyer adjudicated two appeals that the plaintiff filed with the board.

Plaintiff alleges that defendant Salyer suppressed evidence favorable to the plaintiff either by not citing that evidence in the initial decision or by not allowing plaintiff to introduce such evidence. He also alleges that defendant improperly denied his motion to compel discovery of allegedly criminal acts committed by the Department of the Army. Plaintiff alleges that the defendant violated his Fifth Amendment right of due process, his Sixth Amendment right to a fair trial, and his Eighth Amendment right to be free of cruel and unusual punishment.

Plaintiff seeks monetary relief from defendant Salyer. He also asks the Court to set aside defendant's initial decision upholding the Army's removal of plaintiff from his job with the federal government and to enter a new decision.

Plaintiff's claims for monetary damages are barred by the doctrine of absolute judicial immunity. Absolute immunity shields government officials from claims for damages against them in their individual capacities on account of their official actions. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529–30 (2d Cir.1993). Defendant, acting as an administrative judge employed by the board, was acting in a judicial capacity when he adjudicated plaintiff's appeals. The board's regulations authorize its administrative judges to rule on discovery motions and issue initial decisions in appeals. 5 C.F.R. § 1201.41(b)(4) and (15). Where an official is performing a judicial function and that function is part of his official duties, the official is afforded absolute immunity from damages liability. *Butz v. Economou*, 438 U.S. 478, 508–14, 98 S.Ct. 2894, 2911–15, 57 L.Ed.2d 895 (1978).

A judicial officer is not immune from injunctive or declaratory relief, however. *Kelsey v. Fitzgerald*, 574 F.2d 443, 444 (8th Cir.1978). *See Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 735 & n. 13, 100 S.Ct. 1967, 1976 & n. 13, 64 L.Ed.2d 641 (1980) (noting that Supreme Court has never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief).

Even so, plaintiff's request for injunctive relief should be dismissed for failure to state a claim. The comprehensive remedial scheme created by the Civil Service Reform Act of 1978 (CSRA) provides plaintiff's exclu-

sive remedy, precluding a Bivens action. *See United States v. Fausto*, 484 U.S. 439, 444–45, 108 S.Ct. 668, 672–73, 98 L.Ed.2d 830 (1988); *Schweiker v. Chilicky*, 487 U.S. 412, 428–29, 108 S.Ct. 2460, 2470–71, 101 L.Ed.2d 370 (1988); *Bush v. Lucas*, 462 U.S. 367, 385–86, 103 S.Ct. 2404, 2414–16, 76 L.Ed.2d 648 (1983). Plaintiff's allegations are based on matters directly arising from his federal civilian employment, specifically, Army officials' removal of him from his job and his appeals to the board challenging this personnel action. Therefore, his claims are barred.

For these reasons, defendant's motion to dismiss is sustained.